## JOHNSON v. BINDSEIL.

*(Common Pleas of New York City and County, General Term.*    February 3, 1890.)

CONTRACTS—PERFORMANCE—CONDITIONS.
    Where plaintiff agrees to perform certain services for defendant, for which he is
    to be paid only in case defendant is satisfied with the manner in which the services
    are performed, he must show that defendant was in fact satisfied.

Appeal from fourth district court.
Argued before BOOKSTAVER and BISCHOFF, JJ.
*A. Kahn,* for appellant.    *M. Stuyvesant,* for respondent.

BISCHOFF, J.    This action was brought to recover a balance alleged to be due for the services performed under a contract to instruct the defendant in the art of draughting patterns by scales.    Trial was had, and resulted in judgment for defendant, from which plaintiff has appealed to this court.    The parties differ in some respects as to the terms of the contract, but a preponderance of proof clearly establishes the contract asserted by defendant, which was as follows :  On January 8, 1889, plaintiff agreed to teach defendant the art of draughting patterns by scales, in lessons of two and one-half hours each, which were to commence on the evening of the same day, and to continue on the succeeding consecutive evenings, Sundays excepted, until defendant had acquired proficiency in the art.    In consideration of the services to be performed by the plaintiff, the defendant agreed to pay him the sum of $100, of which $25 were to be paid at once, $25 on January 14, 1889, $25 on January 21, 1889, and the remaining $25 at such time when defendant shall be satisfied with plaintiff's performance.    The second and third payments, also, were only to be made provided defendant was satisfied with the manner in which plaintiff had performed the service to be rendered by him. The first and second payments were made, and suit was brought to recover the third and fourth installments.    On the trial plaintiff admitted that the instructions continued for 10 evenings only, and were thereupon discontinued because of his confinement at Mount Sinai Hospital, and that he never thereafter offered to give further instructions. The trial justice was therefore clearly right in rendering judgment for defendant, for the reason that plaintiff had failed to show performance on his part in accordance with the terms of the contract.
    There is, however, a further barrier to the plaintiff's recovery, which goes to the very essence of the contract.    Pursuant to its terms, defendant was not bound to pay the installments claimed unless he was satisfied with the services rendered by plaintiff.    This provision imposed upon plaintiff the necessity of showing, as a condition precedent to his right to recover, that the defendant was in fact satisfied.    That he ought to have been so is not sufficient.    Sim-

ilar contracts have always been held, here and elsewhere, as conferring upon the person in whose favor such a provision was made the right of refusing to be satisfied, whether such refusal be well founded or not. In *Gray* v. *Railroad Co.*, (supreme court, general term, first department,) reported in 11 Hun, 70, the contract was as follows:        "DECEMBER 17, 1866.

"The Central Railroad Company of New Jersey offers to buy the steam-boat John Adams from J. & R. J. Gray for the sum of $15,000 cash, provided, upon trial, they are satisfied with the soundness of her machinery, boilers, &c., and the said J. & R. J. Gray agree to sell the above boat for the above price.                [Signed]        JOHN TAYLOR JOHNSTON, Pres.
                                "J. & R. J. GRAY."

And the court held that plaintiffs could not recover without showing that defendant was satisfied with the boat, citing with approval the language in *McCarren* v. *McNulty*, 7 Gray, 139: "It may be that the plaintiff was injudicious or indiscreet in undertaking to labor and furnish materials for a compensation, the payment of which was made dependent upon a contingency so hazardous or doubtful as the approval or satisfaction of a party particularly in interest; but of that he was the sole judge. Against the consequences of his own bargain the law can afford no relief." In *Zaleski* v. *Clark*, 44 Conn. 218, the court say: "Courts of law must allow parties to make their own contracts, and can enforce only such as they have actually made. Whether the contract is wise or unwise, reasonable or unreasonable, is ordinarily an immaterial inquiry. The simple inquiry is, what is the contract, and has the plaintiff performed his part of it? In this case the plaintiff undertook to make a bust which should be satisfactory to the defendant. The case shows that she was not satisfied with it. The plaintiff has not yet, then, fulfilled his contract. It is not enough to say that she ought to be satisfied with it, and that her dissatisfaction is unreasonable. She, and not the court, is entitled to judge of that. The contract was not to make one that she ought to be satisfied with, but to make one that she would be satisfied with." To the same effect are *Russell* v. *Allerton*, 31 Hun, 307; *Heron* v. *Davis*, 3 Bosw. 336; *Spring* v. *Clock Co.*, 24 Hun, 175; *Butler* v. *Tucker*, 24 Wend. 447; *Gibson* v. *Cranage*, 39 Mich. 49; *Brown* v. *Foster*, 113 Mass. 136.

The legal intendment of a clause limiting the liability of the party promising to pay to the case where he is satisfied with the performance of the party to whom payment is to be made is that it was designed to confer some right which would not exist without it. If the party otherwise entitled to pay has failed to perform the contract on his part, the law impliedly relieves the other party from payment, and to hold that a clause limiting the liability of the party promising to pay only in the event that he is satisfied with the performance of the other is cumulative only of a right already existing by implication of law, and with reference to which the parties must be supposed to have contracted, would render such clause meaningless and unnecessary. "The law, as we have already had occasion to say in reference to various topics, frequently supplies by its implications the want of express agreements between the parties. But it never overcomes by its implications the express provisions of parties. If these are illegal, the law avoids them. If they are legal, it yields to them, and does not put in their stead what it would have put by implication if the parties had been silent." 2 Pars. Cont. 15; *Vanderkarr* v. *Vanderkarr*, 11 Johns. 122; *Burr* v. *Stenton*, 43 N. Y. 464; *Insurance Co.* v. *Hone*, 2 N. Y. 241; 1 Add. Cont. § 30. The person undertaking to pay upon the condition that he is satisfied with the performance of the party to whom payment is to be made must be held to be the sole judge as to whether he is satisfied or not, and from his refusal to be satisfied, however arbitrary or capricious such refusal may be, there can be no redress. It is therefore entirely optional with him to discontinue the contract at any time before its final performance; and, if he sees fit to do so, the other party

is without remedy. In *Tyler* v. *Ames*, 6 Lans. 280, it was held that " a contract to employ an agent for a year, if he ' could fill the place satisfactorily,' " meant to the satisfaction of the employer; and that the latter could arbitrarily terminate the contract at any time, without assigning any reason therefor; that the word " satisfactorily " referred to the mental condition of the employer, and not to that of the court or jury; and that the employer was not obliged to furnish proof of facts and circumstances which would justify his refusal to be satisfied with the manner in which the employe had filled the office. See, also, *Grant* v. *Burch*, 26 Hun, 376.

In the present case the evidence not only fails to show the slightest circumstance upon which the defendant's satisfaction with the services of the plaintiff could be predicated, but it abundantly shows that the defendant had expressed his dissatisfaction therewith; and, as the services upon the performance of which, to the satisfaction of the defendant, the plaintiff's right to the moneys claimed depends, had never been performed, the plaintiff, from the very condition of things, must fail in the proof required to entitle him to recover. If such services had been performed, the defendant could still assert his refusal to be satisfied, and thus defeat plaintiff's recovery. Whether, therefore, the defendant had arbitrarily refused to receive the lessons remaining to be given, or the plaintiff's contention, that all the instructions contemplated by the contract had been actually given by lessons of longer duration than those specified in the contract, be accepted as correct, in neither case could plaintiff have maintained this action. The judgment appealed from should be affirmed, with costs.