NEW YORK BUILDING AND IMPROVEMENT COMPANY, Respondent, *v.* SPRINGFIELD ELEVATOR AND PUMP COMPANY, Appellant.

*Contract — effect of an agreement that the certificate of a third person shall be conclusive as to its performance — manner in which the owner may complete the work after a default by the contractor.*

An agreement, which recited the making by the parties thereto of a prior contract for the installation of certain elevators, and that there was unpaid a specified sum, which the contractor was desirous of having paid before the complete performance of his contract, stated that, in consideration of the payment of that sum, it was agreed, among other things, that the contractor should perform " completely every provision and requirement in said contracts contained on or before the 16th day of May, 1898, to the satisfaction of R. M. Watson, who is hereby made sole judge and arbitrator as to what shall be deemed compliance with the provisions and requirements of said contracts, and whose determination, given in writing, shall be binding and conclusive upon the parties hereto." It further provided that time should be of the essence of the contract, and that if the work was not completed before a specified day to the satisfaction of said Watson, the owner might, under the direction of Watson and at the expense of the contractor, complete the work, and in so doing replace any part or parts of the elevators and their appurtenances with articles manufactured by parties other than the contractor.

*Held*, that the certificate of Watson, that the contract had not been performed, was conclusive upon the contractor in the absence of bad faith, corruption or palpable error in the making thereof;

That the fact that the owner, in completing the work left incomplete by the contractor, installed an elevator running at the rate of 200 feet a minute, instead of one, called for by the contract, running at the rate of 300 feet a minute, the machinery necessary to run which would cost more than the machinery necessary to run the elevator actually installed, did not establish a failure on the part of the owner to complete the work in accordance with the terms of the contract;

That the owner was not limited to simply replacing parts of the machinery which were defective, nor bound to confine himself to machinery manufactured by the contractor, but might complete the elevator by adding to it parts of machinery made by other manufacturers, so as to finish the work completely and perfectly, in such wise that the elevator would work as well as the contractor had agreed that it should — certainly in the absence of proof that the defective pieces could have been replaced in such a way as to make the elevator work as the contractor had agreed that it should work.

*It seems*, that the certificate of Watson would be conclusive with respect to the reasonable cost of the execution by the owner of the work left incomplete by the contractor.

APPEAL by the defendant, the Springfield Elevator and Pump Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of May, 1900, upon the verdict of a jury, rendered by direction of the court.

*John J. Gleason,* for the appellant.

*Charles De Hart Brower,* for the respondent.

RUMSEY, J. :

The plaintiff brings this action to recover damages for the violation of a contract made between the defendant and itself on the 5th day of March, 1898. On the 22d of October, 1896, the plaintiff, being engaged in the construction of a building, made a contract with the defendant to put elevators therein. The terms of that contract are not necessary to be considered except so far as to say that the defendant guarantees to do the work to the satisfaction of the architect, and to make good any faults or defects in the work for which it was responsible, and in consideration the plaintiff agreed to pay a certain sum for the work, one-half of which was to be paid in thirty days, and the other half in sixty days after the completion of the elevators.

It was claimed by the plaintiff that this contract was not completed by the defendant, and the contract which lies at the basis of this action was the result of that claim. In that contract the making of the original agreement to put in the elevators was recited, as were also the facts that the plaintiff claimed that the contract was not performed; that there was still unpaid the sum of $2,620.26, which the defendant was desirous of having paid before the complete performance of the contract; and in consideration of the payment of that sum it was agreed, among other things, that the defendant would perform " completely every provision and requirement in said contracts contained on or before the 16th day of May, 1898, to the satisfaction of R. M. Watson, who is hereby made sole judge and arbitrator as to what shall be deemed compliance with the provisions and requirements of said contracts, and whose determination, given in writing, shall be binding and conclusive upon the parties hereto." It was further agreed that time was of the essence of

the contract, and that if before the sixteenth of May the defendant had not completed the work as required by the contracts to the satisfaction of said Watson the plaintiff might, under the direction of Watson and at the expense of the defendant, complete the work, and in so doing the plaintiff was authorized to replace any part or parts of said elevators and their appurtenances with articles of the make or manufacture of parties other than the defendant.

It was alleged in the complaint that the defendant failed to perform the work by the sixteenth of May; that on the seventeenth of May Watson so certified, and that a copy of Watson's certificate was on that day sent to the defendant with notice that the plaintiff would proceed to complete the contract at the expense of the defendant. It was further alleged that the plaintiff had completed the contract at an expense of $5,200, and this suit was brought to recover that sum.

Upon the trial the foregoing facts were made to appear and it was further shown by the certificate of Watson and by common-law proof that the reasonable expense incurred by the plaintiff in completing the contract after May seventeenth was $5,200.

The defendant sought to prove in the first place that it had substantially completed the original contracts to put in the elevators, and it excepted to a ruling excluding evidence of that fact. That ruling was not error. The contract upon which this action was brought recited that it was claimed by the plaintiff that the elevators had not been completed, and the new agreement expressly was that the defendant should perform completely every portion and requirement of the original contracts. That provision in the contract necessarily implied that there was still something to be done to make the elevators comply with the requirements of the original contracts, and how that necessity arose is of no importance. The agreement was that the requirements of the contracts should be completely performed, and that Watson's certificate to that effect should be final and conclusive upon the parties; and when his certificate had been given that the contract of March fifth had not been performed it was conclusive upon the parties. The rule in such cases is that where one agrees to be bound as to the fact of the performance of a contract by the certificate of any person who is named therein as arbitrator, that certificate is conclusive in

the absence of proof of bad faith, corruption or palpable error in the making of it.  (*Smith* v. *Mayor*, 12 App. Div. 392; *Sewer Commissioners* v. *Sullivan*, 11 id. 472; affd., 162 N. Y. 594.)

If the certificate had been given corruptly, or in bad faith, or there had been a mistake palpable on its face, that would constitute an affirmative defense which must be pleaded, and unless it was pleaded the defendant would be in no situation to prove it.  (*Everard* v. *Mayor*, 89 Hun, 425.)

The only question remaining, therefore, was whether the plaintiff had completed the contract in pursuance with its terms and what was the reasonable expense of that work.  The defendant insists that it appears that the plaintiff did not complete the work in compliance with the terms of the contract.  It complains that the plaintiff threw out a very large amount of the material which it might have used and that the contract when completed was not the contract which the defendant had agreed to perform.  So far as the last objection is concerned, it appears that the contract made by the defendant was to put in an elevator which would run at the speed of 300 feet a minute, whereas the plaintiff only installed machinery capable of running the elevator at the rate of 200 feet a minute. The defendant insists that this it had no right to do.  The objection is clearly not well taken.  If the plaintiff chose to do so it was at liberty to put in an elevator running at the speed of 300 feet a minute, and it is in evidence that machinery to run an elevator at that speed would cost more than to run one at the rate of 200 feet.  The defendant has no reason to complain if the plaintiff in completing the work saw fit to put in an elevator running at a slower speed and costing less than that which it might have put in under the terms of the contract.

Upon the question as to the reasonable cost of doing this work it appeared by the testimony of the men who completed it that the amount expended was the reasonable cost.  It appeared also by the certificate of Watson that that sum was actually paid.  The plaintiff insists that that certificate was conclusive with respect to that matter, and that the defendant was not entitled to go beyond it. With that claim we agree.  The agreement was that the certificate of Watson stating the amounts expended by the plaintiff in the per-

formance of the contract should be conclusive evidence of those sums.   Watson's certificate was produced, and within the terms of the contract we think it was conclusive.   But there was no evidence to contradict that of the plaintiff as to the reasonable value of the work done by it.   The defendant, when it had the case, offered to prove whether or not certain parts of the machinery which were mentioned in the certificate of Watson as defective, could not have been procured and placed on the elevators, and that there was no necessity of ripping out all this machinery and replacing it with new. Then it offered to show the cost of buying the parts required and of repairing the machinery.   We do not think that within the terms of the contract the plaintiff was called upon to content itself simply with replacing parts of the machinery which were said to be defective.   It was entitled to have the elevator so completed that it would do the work as well as the defendant had agreed.   In doing that it was not called upon to confine itself to the machinery manufactured by the defendant or to use any portions of that machinery unless it chose, but by the express terms of the contract it was at liberty to use the machinery of other manufacturers.   If it saw fit to use machinery manufactured by other parties it was authorized to take so much of that machinery as might be necessary to finish the work completely and perfectly.   It was not called upon to patch up the imperfect machine furnished by the defendant or to add to it parts of machinery made by other manufacturers.   It may be that if the defective pieces could have been replaced in such a way as to make the elevator work as it was intended to work, and as the defendant had agreed that it should work, in the absence of the certificate of Watson the plaintiff could recover no more than was necessary to replace these pieces, but there was no proof, nor offer of proof, to establish any such facts.   There was no offer to prove that if these defective parts had been replaced the machinery would then have been completed in compliance with the terms of the contract which the defendant had originally made.   For that reason it was not error for the court to refuse to admit the evidence offered even if the certificate of Watson was not conclusive in this case.   But we think that the certificate was conclusive, and for that reason the ruling was correct also.

We have examined all the exceptions taken by the defendant, and

it seems to us that they are all covered by what has been said in this opinion, and that within the principles laid down here the trial court was correct in its conclusion, and the judgment must be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.