TEMPLAR SAXE, Plaintiff-Appellant, v. THE SHUBERT THEATRICAL COMPANY, Defendant-Respondent.

(Supreme Court, Appellate Term, February; 1908.)

Contracts — Performance of contracts — Contract to be performed to satisfaction of other party — Contracts with artists or actors.

Where a contract for the employment of plaintiff as an actor provided that it might be canceled if his services were not satisfactory to the employer, and the contract made no provision for giving notice, the employer had the absolute right to discharge the plaintiff at any time when his services ceased to be satisfactory.

Appeal by the plaintiff from a judgment of the City Court of the city of New York, dismissing the complaint and also from an order denying plaintiff's motion for a new trial.

Franklin Bien (Josiah Canter, of counsel), for appellant.

William Klein (Max D. Steuer, of counsel), for respondent.

Gerard, J. The defendant employed the plaintiff as an actor, under a written contract which contained the following clause in paragraph second: "And it is further contracted and agreed by and between the parties to this instrument that, in case the services so rendered by the party of the second part shall not in the estimation of the party of the first part be satisfactorily rendered, the party of the first part may cancel this contract and release himself from the terms thereof. This to refer to rehearsals as well as any performance." The employment was for the theatrical season of 1906–7. On November 10, 1906, defendant sent plaintiff a notice stating, " according to the terms of the contract now existing between you and the Shubert Theatrical Company, this will serve as your two weeks' notice ending Saturday night, November 24, 1906." Plaintiff was paid a salary of $100 a week, the price stipulated in the contract, down to November 24, 1906. He received a second notice from the defendant, which he admitted he received on or prior to November 24, as follows:

" Dear Sir.— Pursuant to the terms of paragraph Second of the contract made with you, dated July 18, 1906, we hereby desire to notify you that your services are not satisfactorily rendered and we hereby cancel the contract between you and ourselves.
" Yours truly,
" Shubert Theatrical Company."

The contract in question did not contain any clause providing for a two weeks' notice. Where a contract contains

a clause that the services are to be satisfactory to the employer, he has the right to discharge if the services are not satisfactory to him, if the employment is of the class involving taste, fancy, interest, personal satisfaction or judgment; and, if the employer discharges the employee, the question whether or not the services of the employee are satisfactory is to be determined solely by the employer and not by the court or jury. But where the employment is not of that class, and where the master has the power to discharge the employee if satisfied in good faith that he is incompetent, there the good faith is a question of fact, which must be submitted to the jury. This distinction is clearly laid down by the Appellate Division in the cases of Fuller v. Downing, 120 App. Div. 39; Parker v. Hyde & Behman Amusement Co., 53 Misc. Rep. 549. The plaintiff in this case was employed as an actor, an employment of the class involving taste, fancy, personal satisfaction or judgment, and his contract therefore falls within the rule laid down in Crawford v. Mail & Express Publishing Co., 163 N. Y. 404; and the question of good faith of the defendant in discharging plaintiff is not material. In that case, plaintiff, a newspaper writer, was employed at a fixed rate of compensation per week, so long as his services "shall be satisfactory to the publishers." The letter discharging the plaintiff in the Crawford case contained no expression or even suggestion of dissatisfaction of his services. The defendant in the case at bar had the absolute right to discharge the plaintiff at any time when his services ceased to be satisfactory to it.

GILDERSLEEVE, J., concurs; SEABURY, J., takes no part.

Judgment and order affirmed, with costs.