## FARRELL v. LEVY.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. CONTRACTS (§ 287*)—BUILDING CONTRACTS—EFFECT OF ARCHITECT'S CERTIFICATES.

When a building contract provides that the architect's certificates shall be conclusive, such provision must prevail unless the certificate be attacked for fraud, misconduct, or palpable mistake.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1326; Dec. Dig. § 287.*]

2. CONTRACTS (§ 346*)—BUILDING CONTRACTS—ACTIONS—PLEADING.

If a building contract provides that architect's certificates shall be conclusive, they cannot be attacked in an action by the contractor on the contract unless such defense has been affirmatively pleaded in the answer; but, where the contract expressly provides that no certificate given under the contract except the final certificate shall be conclusive evidence of performance, no such affirmative defense is necessary to such attack as to certificates other than the final one, and evidence of plaintiff's nonperformance is admissible, notwithstanding the issuance of the certificates, such issuance furnishing only prima facie evidence of performance in support of an allegation in the complaint that the work was performed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1724, 1734; Dec. Dig. § 346.*]

Appeal from Trial Term, Kings County.

Action by Thomas Farrell against Mendel Levy. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Weschler & Rothschild, for appellant.

Charles C. Bunker, for respondent.

CARR, J. This is an appeal from a judgment entered in favor of the plaintiff, on a verdict of a jury directed by the trial court. The parties to this action had entered into a written contract for the installation and doing of certain work on a refrigerating plant in the borough of Brooklyn. This contract is pleaded in full as an exhibit to the complaint, and it provides for five distinct payments as the work progressed, to the plaintiff, at times and under conditions specified in the contract itself, which payments were to be made "in current funds, and only upon certificates of the architect." The contract likewise provided as follows:

"It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

It appears that on July 30, 1909, the plaintiff wrote to the defendant's architect claiming that the work provided for under the contract had been completed, and asking for certificates for the third, fourth, and fifth payments. In response to this demand, the architect sent to the plaintiff certificates for the third and fourth payments, but withheld the certificate for the fifth and final payment. The plaintiff presented these certificates for the third and fourth payments to the defendant, who refused to honor them. The plaintiff thereupon brought this action, and in his complaint he pleads the issuance of the certificates, and likewise full performance of the provisions of the contract to be performed on his part. The defendant answered denying generally the allegations of performance. On the trial of the action, the plaintiff offered in evidence these certificates for the third and fourth payments. The defendant sought to cross-examine the plaintiff on the question of performance, and as to the conditions which entitled him to the receipt of the third and fourth certificates. This line of examination was objected to, on the ground that the certificates were conclusive against the defendant in the absence of an affirmative defense in his answer, setting up fraud and misconduct on the part of the architect or palpable mistake on the face of the certificate.

The learned trial court sustained this objection. Thereupon the plaintiff rested. The defendant, as a part of his case, endeavored to present evidence of nonperformance on the part of the plaintiff as to the conditions set forth in the contract relative to the third and fourth payments, when the certificates were issued. An objection to the admissibility of this evidence was sustained by the trial court. Thereupon the defendant applied for leave to withdraw a juror on payment of costs, in order to apply at Special Term for leave to set up an affirmative defense. This motion was denied, and a verdict was directed for the plaintiff against the defendant.

It is well settled that, when a contract between the parties provides that the architect's certificate shall be conclusive, then such provisions must prevail, unless the certificate be attacked on the ground of fraud, misconduct, or palpable mistake, and these grounds of attack cannot be heard unless such defense has been affirmatively pleaded in the answer. N. Y. Building Co. v. Springfield Elevator Co., 56 App. Div. 294, 67 N. Y. Supp. 887; Everard v. Mayor, 89 Hun, 426, 35 N. Y. Supp. 315; Sweet v. Morrison, 116 N. Y. 19, 22 N. E. 276, 15 Am. St. Rep. 376; Sewer Commissioners v. Sullivan, 11 App. Div. 472, 42 N. Y. Supp. 358, affirmed 162 N. Y. 594, 57 N. E. 1123; Smith v. Mayor, 12 App. Div. 391, 42 N. Y. Supp. 522. The reason underlying these decisions is that, under such circumstances, the contract makes the architect an arbitrator, and that his determination can be attacked only in such manner as that of any other arbitrator.

It has likewise been held that, even where the contract did not expressly provide that the final certificate should be conclusive between the parties, yet it would be held conclusive where such intention could be spelled out of the contract. Wyckoff v. Meyers, 44 N. Y. 143.

At the same time, there is very weighty authority to the effect that, to make such a certificate conclusive requires "plain language in the contract," and that "it is not to be implied." Mercantile Trust Co. v. Hensey, 205 U. S. 298, 27 Sup. Ct. 535, 51 L. Ed. 811.

There is, however, to be found no authority which holds that, where the parties have in express language provided that the certificate should not be conclusive as between them, there exists a rule of law which will override this matter of mutual contract. If this be so, then the learned trial court was in error in refusing to permit the defendant to give evidence of nonperformance on the part of the plaintiff, notwithstanding the issuance of the certificates in question. To hold that such certificates as these cannot be atacked by the defendant without an affirmative defense of fraud is to apply to them precisely the same rule as would have been applicable had the contract provided that they should be conclusive. There certainly must be some difference between the effect of a contract which provides that a certificate shall be conclusive, and that of another contract which provides that a certificate shall not be conclusive. To hold otherwise is to give both absolutely contrary provisions the same legal effect. Doubtless the issuance of a certificate provided for in a contract, but which is declared not to be conclusive as between the parties, may furnish prima facie evidence of performance in support of an allegation in the complaint that the work was performed. Giving the certificate this force, there should be no obligation on the part of the defendant to set up an affirmative defense of nonperformance in order to meet what the plaintiff was bound to prove as a part of his own case. In this view, it was error to exclude the defendant's evidence as to the plaintiff's failure to perform.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.