GINSBERG v. FRIEDMAN.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. MASTER AND SERVANT (§ 30*)—EMPLOYMENT CONTRACTS—RIGHT TO DISCHARGE.

A contract of employment to design cloaks and suits which shall at all times be to the entire satisfaction of the employer, he to be the sole judge thereof, is not broken by a discharge, if the employer was in fact dissatisfied, whether or not he was justified in being so.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

2. MASTER AND SERVANT (§ 30*)—DISCHARGE—GROUNDS—CONDONATION.

Though an employer has condoned breaches of duty, he may rely upon them as ground for discharge, on the employé continuing an unfaithful course.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

Appeal from Appellate Term.

Action by Charles Ginsberg against Bernard Friedman. From a determination of the Appellate Term (125 N. Y. Supp. 473), affirming judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

See, also, 142 App. Div. 935, 127 N. Y. Supp. 1121.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Jacob Friedman, for appellant.

Jacob Manheim, for respondent.

SCOTT, J. The defendant appeals from a determination of the Appellate Term, affirming a judgment of the City Court in favor of the plaintiff.

The plaintiff was employed by defendant, under a written contract, as a designer, cutter for specials, examiner, and supervisor in a cloak and suit manufactory. The contract contained the following clause:

"It is expressly understood and agreed that the party of the second part shall design ladies' and misses' cloaks and suits, which shall at all times be to the entire satisfaction of the party of the first part, and the party of the first part shall be the sole judge thereof."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The contract was made in December, 1908, and by its terms was to continue until November 1, 1909. In June, 1909, the defendant became dissatisfied with the manner in which the plaintiff performed his work, and discharged him. Early in June, 1909, defendant had found cause to complain of plaintiff's work, and apparently contemplated discharging him then, but for one reason or another continued his employment until later in the month.

[1] The case was tried much as it would have been if the special clause quoted above had not been incorporated into it. That the defendant had become dissatisfied with the manner in which the plaintiff performed his duties was made abundantly clear, but the court left it to the jury to say whether the facts justified such dissatisfaction. The language of the charge on this subject was:

"Such satisfaction does not mean to satisfy every whim or caprice of his employer, but it is such satisfaction as would be reasonable to a person of the same class, under the same circumstances, and in the same business, from his ordinary, everyday, common sense in the conduct of his duties. If you should find that the defendant has convinced you by the greater weight of proof that the conduct of the plaintiff was such that he was justified, according to your standard of belief, in discharging him, then the case would terminate entirely upon that determination."

This was erroneous. By the terms of the contract the test of efficiency to which the plaintiff subjected himself was that his work should be performed "to the entire satisfaction of the party of the first part," and of this the defendant was made the sole judge. The only question to be determined was whether or not the defendant was in fact dissatisfied, and discharged the plaintiff for that reason. If his dissatisfaction was real, and not assumed, merely to rid himself of his employé, it was of no consequence whether or not the jury thought that he ought to have been satisfied. Crawford v. Mail & Express Publishing Co., 163 N. Y. 404, 57 N. E. 616.

[2] It was also error to refuse to charge, at the request of defendant, that:

"The master may overlook breaches of duty in the servant, hoping for reformation; but if he is disappointed, and the servant continues his course of unfaithfulness, the master may act in view of the entire course of conduct of the servant in determining whether the contract of employment should be terminated."

This request, and others along the same lines, were rendered especially pertinent by the action of the court itself in the course of the trial, in so interrogating the defendant as to lay emphasis upon the fact that he had continued plaintiff in his employ for a time, after having found cause for dissatisfaction.

The determination of the Appellate Term and the judgment of the City Court must be reversed, and a new trial granted, with costs to the appellant in all courts to abide the event. All concur.