DIAMOND v. MENDELSOHN et al.

(Supreme Court, Appellate Term.   January 5, 1912.)

MASTER AND SERVANT (§ 21*)—CONTRACT OF EMPLOYMENT—DISCHARGE.

Where an employment contract provided that plaintiff should perform his duties to the best of his abilities and "complete satisfaction of his employers," if he failed to perform his duties to his employers' satisfaction, his discharge before expiration of the contract was not actionable.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 21.*]

Appeal from City Court of New York, Trial Term.

Action by Jacob Diamond against Herman T. Mendelsohn and another.   From a City Court judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial, they appeal.   Reversed and remanded.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Phillips & Phillips (Harold M. Phillips, of counsel), for appellants.
Nathan H. Stone (Henry Kuntz and Abraham P. Wilkes, of counsel), for respondent.

SEABURY, J.   Plaintiff sues to recover damages for defendants' alleged breach of a contract of employment.   The contract was in writing, and the plaintiff claimed that he was discharged without cause by the defendants.   The contract provided as follows:

"It is also agreed and understood that said Jacob Diamond [plaintiff] shall perform the duties of foreman competently and energetically, to the best of his abilities and complete satisfaction of his employers, said Messrs. Mendelsohn and Schlang."

Under this contract the plaintiff agreed to perform his duties to the complete satisfaction of his employers, and if he failed in this he has no cause of action, even though he was discharged before the expiration of the contract.   That his services were not satisfactory to his employers is made plain from the evidence in the case.   Under those circumstances, the defendants' motion to dismiss the complaint should have been granted.   Crawford v. Mail & Express Publishing Company, 163 N. Y. 404, 57 N. E. 616; Ginsberg v. Friedman, 131 N. Y. Supp. 517.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.