### MESSMER v. HENRY W. BOETTGER SILK FINISHING CO.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

1. MASTER AND SERVANT (§ 30*) — CONTRACT OF EMPLOYMENT — GROUNDS FOR DISCHARGE.

Where a contract for employment provided that the agreement was made solely on condition that the work of the employé was done in a competent manner satisfactorily to the employer's customers and, if not, the employer could discharge the employé, the fact that the customers became

dissatisfied with the employé's services was a sufficient ground for discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

2. EVIDENCE (§ 121*)—WRONGFUL DISCHARGE—ADMISSION OF EVIDENCE.

In an action for the wrongful discharge of an employé whose contract of employment provided that it was made on the condition that his work be done satisfactorily to the employer's customers, and the employé could be discharged if it was not so done, evidence was admissible as to statements by the customers of the reasons for their dissatisfaction, where that was the ground of plaintiff's discharge.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338, 1117, 1119; Dec. Dig. § 121.*]

Appeal from Trial Term, New York County.

Action by William Messmer against the Henry W. Boettger Silk Finishing Company. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harold A. Andrewes, of New York City, for appellant.
Louis J. Schwartz, of New York City, for respondent.

SCOTT, J. The action is for damages for an alleged wrongful discharge of an employé.

The plaintiff was employed by defendant as a silk finisher under a written contract. By this contract, in addition to a clause whereby the plaintiff agreed to serve with fidelity, there was a special clause reading as follows:

"IV. It is expressly understood and agreed that this agreement is made by the party of the first part, solely on the condition that the work done by the party of the second part shall be done in a skillful and competent manner, satisfactory to the trade and customers of the party of the first part and that if the work is not done satisfactory to the trade and customers, that in such an event the party of the first part shall have the right to any time during the period of this contract, to discharge the party of the second part and this contract in such an event shall terminate with the party of the first part and shall in such event be released from all obligations hereunder."

Plaintiff was discharged on September 29, 1910, during the term of the contract, and now sues for damages. The defense rested upon two grounds: First, that plaintiff had been insubordinate, and had without justification refused to obey directions given to him as to the performance of his work; and, second, that his work had not been satisfactory to defendant's customers. The first defense was amply proved, and the finding of the jury in plaintiff's favor on this defense was clearly against the evidence.

[1] As to the second defense, the trial court held that it was not sufficient to show that defendant's customers were dissatisfied, but that defendant must go further and show that cause for dissatisfaction actually existed. This was erroneous. The plaintiff had signed a con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tract by which the term of his employment was expressly made dependent upon the satisfaction or dissatisfaction of defendant's customers. If they became dissatisfied, that of itself was sufficient justification for plaintiff's discharge. Crawford v. Mail & Express Co., 163 N. Y. 404, 57 N. E. 616.

[2] It was also erroneous to exclude testimony as to statements made by customers as to the reasons for dissatisfaction. Hine v. N. Y. El. R. R. Co., 149 N. Y. 154–162, 43 N. E. 414; Wigmore on Evidence, § 1770, par. 1. It is quite apparent that the jury were actuated by sympathy for plaintiff, or agreed upon a compromise verdict because plaintiff's recovery is just half what he would have been entitled to recover if entitled to anything. It is evident that the judgment should not be allowed to stand.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the result. All concur.