SAMUEL SABARSKY, Respondent, v. CHARLES S. DREW and
HARRY R. LIPKE, Copartners Doing Business as DREW &
LIPKE, Appellants.

First Department, December 29, 1916.

Contract — agreement for manufacture of goods — provision that
defendant shall have exclusive right to determine what work shall
be intrusted to plaintiff — refusal of defendant to furnish work —
when no breach of contract.

Where a contract between the plaintiff and defendants, who were
engaged in the manufacture of shirts, among other things provided
that the defendants would give to the plaintiff such of the work required
in its business as the plaintiff shall be able to handle in his shop accord-
ing to the "exclusive judgment" of the defendants, it being expressly
agreed that the defendants shall not be required to give to the plaintiff
any more work than in their judgment can be handled by the plaintiff
in his shop, nor any quality of work which, in their judgment, cannot
properly be handled by him, the defendants are made the sole judge of the
quantity and quality of the work to be intrusted to the plaintiff. Hence
he cannot maintain an action to recover damages for the breach of the
contract merely because the defendants, having intrusted the plaintiff
with certain work, afterwards refused to give him further orders upon
the ground that his plant was not adequate and that the work previously
done was unsatisfactory and defective.

Under such contract any determination by the jury as to the amount of
work which the defendants should have given to the plaintiff would have
been based upon pure speculation and would deprive the defendants of
the right of exclusive judgment vested in them by the contract.

APPEAL by the defendants, Charles S. Drew and another,
from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Bronx on
the 24th day of December, 1915, upon the verdict of a jury, and
also from said judgment as modified by an order entered in
said clerk's office on the 18th day of January, 1916.

Defendants further appeal from an order entered in said
clerk's office on the 21st day of January, 1916, denying their
motion for a new trial made upon the minutes.

*Lewis F. Glaser*, for the appellants.

*Nathan Kelmenson*, for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages for the breach of a contract and the appeal is from a judgment entered upon a verdict in plaintiff's favor and from an order denying defendants' motion for a new trial.

The defendants at the times hereinafter mentioned were engaged in manufacturing shirts. On the 18th of June, 1913, they entered into a contract with the plaintiff by which he agreed to perform some of the work between the date of the contract and January 1, 1915. The contract, among other things, provided that " the parties of the first part [defendants] agree to give unto the party of the second part [plaintiff] such of the work required in their business as the said party of the second part shall be able to handle in his said shop according to their exclusive judgment (it being understood and agreed that the parties of the first part shall not be required to give unto the party of the second part any more work than in their judgment can be handled by the said party of the second part in his said shop, nor any quality of work which, in their judgment, cannot be properly handled by him)."

The contract further provided that each lot of shirts made up by plaintiff was to be paid for by defendants upon completion of the work at the current market price.

Shortly after the date of the contract the defendants commenced to deliver to the plaintiff shirts to be made up and continued to do so until April 30, 1914. On the date last mentioned they went to the plaintiff's place of business, paid him for the shirts which had been completed, and took them away, together with others which had not been completed. Three days later this action was commenced, the complaint charging a breach of the contract by defendants, in that they had refused to furnish plaintiff with an adequate amount of work up to April 30, 1914, and thereafter refused to give him any work at all, to the plaintiff's damage in the sum of $5,000, for which judgment was demanded.

The testimony offered on behalf of the plaintiff was to the effect that his plant had a capacity for manufacturing from 500 to 600 dozen shirts a week and that the defendants furnished far

less than that number, notwithstanding they gave to other contractors large quantities which might have been given to the plaintiff, who was ready, able and willing to perform his part of the contract and would have done so had he not been prevented by the defendants. The defendants offered testimony to the effect that the capacity of plaintiff's plant was only from 200 to 250 dozen shirts a week; that the work which he did perform was unsatisfactory and defective; that he was unable to manufacture the higher grades of shirts, and in fact refused to accept for manufacture shirts with collars, which were more expensive and difficult to make than shirts with bands; that most of the shirts given by defendants to other contractors were higher grade and collar shirts; that the plaintiff quit work and abandoned the contract on April 30, 1914, of his own volition; and up to that time defendants gave plaintiff all the work which they believed he was able to handle.

The trial court, during the course of the trial, took the position, and subsequently charged the jury, that under the contract defendants were obligated to supply plaintiff with such work as they honestly thought and believed he could perform, and left it for the jury to determine whether defendants exercised a reasonable and fair judgment in deciding the quantity and quality of shirts that plaintiff could make. The jury rendered a verdict in plaintiff's favor for $1,500, upon which judgment was entered.

The appellants urge that the judgment should be reversed because the court erred in not dismissing the complaint at the close of plaintiff's case or directing a verdict at the close of the whole case — their contention being that the court erroneously construed the contract; that under and by virtue of its terms appellants insist there was vested in them an absolute right to decide just how much or how little work plaintiff was to have, or whether he should have any at all. While defendants took no exception to the theory upon which the case was submitted to the jury, this point is sufficiently raised by their motions to dismiss made at the opening, at the close of plaintiff's case, and at the close of the evidence.

After a careful consideration of the contract I am of the opinion that the contention of the appellants is well taken and

that the complaint should have been dismissed. There is nothing ambiguous about the contract itself. Its meaning is perfectly plain. By its terms the defendants were made the sole judges of the quantity and quality of work which they would intrust to the plaintiff, and to permit the jury to penalize the defendants because they did not give him more work is simply to permit it to substitute another contract for the one which the parties themselves made. Plaintiff, of course, is bound by the terms of the contract which he deliberately made and it is not within the power of the court or jury to make another one for him. The difficulties which would follow the construction of the contract adopted by the trial court and contended for by plaintiff are obvious and indicate clearly why such construction ought not to be adopted. It appears that from June 18, 1913, to April 30, 1914, defendants cut an average of about 517 dozen shirts a week, of which about 210 dozen a week were given to the plaintiff. These shirts were of various kinds and qualities. How, under the terms of the contract, can it be said that the defendants, acting in good faith, would have given plaintiff, prior to April 30, 1914, a greater proportion of the work than they did, when the work which they did deliver they claim was not satisfactory? If defendants should have given plaintiff more shirts, how many more, and of what qualities? And after April 30, 1914, how many more shirts should plaintiff have had? To leave these questions to the jury is not only to permit them to reach a result based on pure speculation, but to deprive the defendants of the right of exclusive judgment vested in them by the contract. If this construction were to prevail then defendants did not have the right to exercise any judgment at all, and it would seem that the contract was worded in such a way as to vest that right exclusively in them. As I read this contract, the defendants had the absolute right not only to determine how many shirts plaintiff could satisfactorily make up, but also the right to decide that after April 30, 1914, they would not give him any at all, because the work done theretofore was not satisfactory, and having reached that conclusion, their decision was not subject to review. (*Dineen* v. *May,* 149 App. Div. 469; *Brown* v. *Retsof Mining Co.,* 127 id. 368.)

If these views be correct then it follows that the plaintiff, upon the evidence, was not entitled to recover, and for that reason the complaint should have been dismissed.

The judgment and order appealed from are, therefore, reversed and the complaint dismissed, with costs.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Judgment and order reversed and complaint dismissed, with costs.