ELSA LYON, Plaintiff, *v.* STARR PIANO Co., Defendant.

(City Court of the City of New York, Trial Term, May, 1919.)

Verdict — when motion to set aside, and for a new trial, granted — actions — damages — contracts.

Defendant engaged plaintiff to record her voice for reproduction with records by phonographs, she to be paid for each record which defendant declared satisfactory. After test records had been declared poor and unsatisfactory, defendant declined to record further selections with orchestra, until plaintiff made a satisfactory test with piano accompaniment, to which request she failed to respond. In an action to recover

damages for preventing performance, *held,* that as defendant, instead of exercising its right to discharge plaintiff, had evidenced its good faith by offering her, but without avail, an opportunity to record with piano accompaniment, a motion to set aside a verdict in her favor and for a new trial will be granted, except as to certain items of expense.

MOTION to set aside verdict and for a new trial.

Manuel M. Voit, for plaintiff.

White & Case, for defendant.

LA FETRA, J.  This is a motion to set aside a verdict and grant a new trial upon the minutes.  The action was brought by the plaintiff, Miss Lyon, to recover damages, she claiming the defendant prevented her from performing her contract.  In addition she asks for certain items, of expense.  Defendant engaged her to record her voice for reproduction with records by phonographs.  The original contract was for a year and she agreed to refrain from like work for others; otherwise her time was her own.  The defendant was to pay her a stipulated sum for each record which it declared satisfactory.  After certain tests were made with the voice and orchestra upon wax and reproduced by phonograph, then came the final effort, which was recorded upon a master record and which was sent without reproduction to be electroplated and which became the test record for selection or rejection.  The defendant accepted and paid for two test or final records.  In September, 1917, the plaintiff sang with orchestration the "Ave Maria," "Rosary," "In Der Cristnach" and other selections.  Upon the return of the test records in October the defendant claimed they were poor and not satisfactory.  It rejected them with but two exceptions and reserved the right to pass upon

those at a later day. It suggested its unwillingness to record further selections with orchestra until she made a satisfactory test with piano accompaniment. To this request she failed to respond. No complaint seems to have been made as to her voice, but the effect produced by the mechanical device did not come up to the expectations of defendant's critic employed for the purpose. The entire field of musical art was involved in making his choice. It required a person of peculiar musical as well as business ability, one thoroughly competent to voice the taste, fancy and wants of a growing community for such musical contrivances. Although plaintiff may have possessed a highly· cultivated voice of exceptional tone and quality, which she could use with expression, feeling and ability, still she may have been unable to properly record it under all circumstances. In the absence of the test records or expert testimony upon the subject none can now vouchsafe the determination of the defendant and its good faith in expressing its disapproval. Its rejection was not feigned, but real and genuine. *Sabarsky* v. *Drew,* 176 App. Div. 80. In the first instance that was all the defendant was obliged to prove. In *Messmer* v. *Boettger Silk Finishing Co.,* 160 App. Div. 519, 520, " The plaintiff had signed a contract by which the term of his employment was expressly made dependent upon the satisfaction or dissatisfaction of defendant's customers. If they became dissatisfied, that of itself was sufficient justification for plaintiff's discharge." After showing dissatisfaction the burden was on the plaintiff to prove it was feigned. In this she failed. In *Delano* v. *Columbia M. Works & Malleable Iron Co.,* 179 App. Div. 155, that proposition was clearly enunciated: " In such a case, upon proof of a valid contract and discharge the burden is

undoubtedly on the defendant of coming forward with evidence that the employee was discharged because of dissatisfaction, and it is true that such dissatisfaction must be genuine, but the burden of proof upon the whole case is on the plaintiff, and he must show that the claim of dissatisfaction was feigned and not genuine.'' In *Crawford* v. *Mail & Express Publishing Co.,* 163 N. Y. 404, 407: '' The plaintiff did not agree to satisfy a court or jury, but undertook to satisfy the publishers. It was their taste, their fancy, their interest and their judgment that was to be satisfied.'' The same principle was applied in *Spring* v. *Ansonia Clock Co.,* 24 Hun, 175, 176, where the plaintiff was a clock case maker; in *Tyler* v. *Ames,* 6 Lans. 288, where plaintiff was employed to sell engines; in *Ginsberg* v. *Friedman,* 146 App. Div. 779; *Saxe* v. *Shubert Theatrical Co.,* 57 Misc. Rep. 620; *Dineen* v. *May,* 149 App. Div. 469; *Brown* v. *Retsof Mining Co.,* 127 id. 368; *Daversa* v. *Davidow's Sons Co., Inc.,* 89 Misc. Rep. 419; *Parker* v. *Hyde & Behman Amusement Co.,* 53 id. 549; *American Music Stores Co.* v. *Kussel,* 232 Fed. Repr. 306, 315; *Johnson* v. *Bindseil,* 8 N. Y. Supp. 485, 486; *Glenny* v. *Lacy,* 1 id. 513; *Weaver* v. *Klaw,* 16 id. 931. Here the defendant would have been justified in discharging the plaintiff, but instead of exercising that right it evidenced its good faith by offering her an opportunity to record with piano accompaniment, but of no avail. It is needless, therefore, to discuss the change as to the place of performance, the delays consequent upon that change, modifications of the written contract or proper rule of damages that should have been applied by the jury. The motion is granted, except as to the items of expense.

Motion granted, except as to items of expense.