DUFFY BROS., INC., Respondent, *v.* BING & BING, INC., Appellant.

First Department, May 14, 1926.

Contracts — building contract — action to recover bonus agreed to be paid plastering contractor if work was completed on time, was satisfactory to builder, and if contractor co-operated — contract provided that builder was to be sole judge of quality and of co-operation — complaint does not allege facts entitling plaintiff to recover bonus — agreement for bonus is enforcible — recovery may be had though defendant expressed dissatisfaction with work.

In an action by a plastering contractor to recover a bonus agreed to be paid by the builder if the contractor completed the work within the time specified, if the quality of its work was satisfactory to the builder, and if it co-operated with the builder to the latter's satisfaction, the builder to be the sole judge of the quality of the work and the degree of co-operation, the complaint is insufficient, since it merely alleges performance of the work in the manner and of the quality equal to the best done in the vicinity, and that the defendant's refusal to consider the quality of plaintiff's work and the degree of co-operation as satisfactory to it, was unwarranted, capricious and unreasonable.

To entitle the plaintiff to recover it should have alleged that it completed the work within the time specified, or in lieu thereof, facts showing that the delay was caused by the builder and was not due to the fault of the plaintiff; that the quality of the work performed under the contract was satisfactory to the builder, or in lieu thereof, that the work was of the quality called for by the contract, and that the builder should have been satisfied, and his failure to be satisfied was unfounded and rested in bad faith; that the plaintiff fully and fairly co-operated with the builder in every respect; and that the builder decided that the quality of the work was satisfactory and the degree of co-operation displayed by the contractor was satisfactory, or, in case of a contrary decision by the builder, facts showing that the decision was erroneous or made in bad faith, or on a misconstruction of the contract.

An agreement whereby the defendant promised to pay a bonus under the conditions stated, is founded upon a good and valuable consideration and is enforcible.

Notwithstanding the contract provided that the builder should be the sole judge of the quality of the work and of the degree of co-operation displayed by the contractor, the contractor may nevertheless recover, although the builder expressed dissatisfaction with the quality of the work and the contractor's co-operation, if the contractor did the work in a proper and workmanlike manner and complied with all the terms of the contract entitling him to the bonus, for in this class of cases the decision by the builder must be based upon reasonable grounds and cannot be arbitrary.

Appeal by the defendant, Bing & Bing, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1925, denying defendant's motion for judgment on the pleadings.

*I. Maurice Wormser* of counsel [*Louis E. Felix*, attorney], for the appellant.

*Edward J. Hogarty* of counsel [*Pressinger, Newcombe, Cunningham & Wigg*, attorneys], for the respondent.

Martin, J. The defendant applied for judgment on the pleadings, consisting of the complaint and the amended answer. This motion was denied at Special Term.

The agreement out of which the action arises is set out in full as an exhibit attached to the complaint. It may be referred to as the contract for the plastering work in an addition to the Hotel St. George in Brooklyn. It provides that plaintiff shall be paid therefor the sum of $72,000; and it also provides:

" It is understood that the general progress of the building is behind that scheduled and contractor agrees to cooperate with builder in handling his work in such a manner as will hasten, not only the completion of the plastering work, but also that of other trades.

" Should contractor complete the work within the times specified above, and should quality of contractor's work be satisfactory to the builder; and should contractor cooperate with builder to the latter's satisfaction, builder agrees to pay contractor, *as a bonus*, the sum of Five Thousand ($5,000) Dollars, in addition to the contract price stated above. Builder is to be the sole judge of the quality of work and the degree of cooperation displayed by the contractor, and builder's decision as to this is to be final."

The complaint alleges:

" *Fifth.* That thereafter plaintiff proceeded with the performance of its said contract, furnished the extra work and extra material agreed upon, performed the work in a manner and of a quality equal to

the best of that done anywhere in New York City in similar class buildings; giving the personal attention of its President to the supervision of the work and duly performed all the terms and conditions of said agreement on its part to be performed except in so far as plaintiff was prevented from so doing by the acts of defendant in failing to have and keep said premises in such a condition as to enable plaintiff to expeditiously carry on and perform the work therein.

" *Sixth.* That defendant has refused to pay the Five Thousand ($5,000) Dollar bonus provided to be paid in said agreement, to plaintiff.

" *Seventh.* That the defendant's refusal to consider the quality of plaintiff's work and the degree of cooperation as satisfactory to it is unwarranted, capricious and unreasonable and the bonus of Five Thousand ($5,000) Dollars is unwarrantedly, capriciously and unreasonably withheld thereon."

The amended answer sets up as a first defense that the quality of work and the degree of co-operation afforded by plaintiff were not at all to the builder's satisfaction, as plaintiff was notified and informed; that not only did it fail to co-operate to defendant's satisfaction, but it caused inconvenience and invited numerous controversies instead of properly co-operating, so that it did not become entitled to the bonus.

This pleading also sets up as a second defense that the bonus was to be entirely gratuitous and without consideration; that its payment depended solely on defendant's judgment, which was made final; that defendant had decided and notified plaintiff that the quality and degree of co-operation afforded were not satisfactory; and that accordingly plaintiff was not entitled to the payment of the bonus.

We believe that plaintiff must allege and prove facts entitling it to the bonus, that it has, in this respect, set forth mere conclusions and that the complaint is defective. Due performance as to the plastering work entitled it to be paid $72,000 for completing that work, but it must allege and prove something more before it can obtain a judgment for the additional $5,000. This is indicated by what is expressly made conditional to the further payment: That (1) the contractor should complete within the time specified; that (2) the quality of the work should be satisfactory to the builder; that (3) the contractor should co-operate with the builder to the latter's satisfaction; and that (4) the builder is to be the sole judge of the quality of work and the degree of co-operation displayed by the contractor, the builder's decision as to this to be final.

We do not agree with defendant that the so-called bonus was to

be a mere gratuity or that the agreement to pay it, on stated conditions, is not supported by consideration. All of the undertakings and promises of one contracting party were exchanged for those of the other.

In *Kenicott* v. *Supervisors* (83 U. S. [16 Wall.] 452, 471) the court said: " But, secondly, the meaning of the word bonus is not that given to it by the objection. It is thus defined by Webster: 'A premium given for a loan or a charter or other privilege granted to a company; as, the bank paid a *bonus* for its charter; a sum paid in addition to a stated compensation.' It is not a gift or gratuity, but a sum paid for services, or upon a consideration in addition to or in excess of that which would ordinarily be given."

If it be more acceptable, the offer to pay the additional $5,000 may be regarded as contemplating service in addition to mere performance of the work of plastering the walls of the building. If such service should be rendered, defendant became obligated to pay the further sum stated.

Whichever view be taken, it is clear plaintiff would not make out a case for the recovery of the extra $5,000 by showing that the plastering work was duly completed. The pleading should set forth that the contractor completed the work within the time specified or, in lieu thereof, facts must be alleged showing that the delay was caused by the builder and was not due to the fault of plaintiff. It must also allege that the quality of the work performed under the contract was satisfactory to the builder, or, in lieu thereof, it must be shown that the work was as called for by the contract and that the builder should have been satisfied, that its failure to be satisfied was unfounded, urged in bad faith, arbitrary and capricious. Similarly the pleading must cover the necessary element of satisfactory co-operation with the defendant and show that there was no failure in this respect on the part of the contractor.

The contract having provided that the builder is to be the sole judge of the quality of the work and degree of co-operation displayed by the contractor, and that the builder's decision on the right to the bonus is to be final, the plaintiff must allege a decision by the builder in his favor, or if there has been a decision by the builder against the plaintiff, then the plaintiff must allege facts showing that the decision is erroneous or was made in bad faith and under a misconstruction of the contract as pointed out in the numerous decisions where the certificate of the architect or engineer is final.

In *Camden Iron Works* v. *City of New York* (104 App. Div. 272) a somewhat similar question was presented. In that case a contractor with the city, who was to furnish pipe and castings for certain work, the quality to be determined by inspectors appointed

by the city, was held bound by the rejection of pipe by such inspectors, in the absence of any proof of bad faith on the part of the latter. To the same general effect are *Becker* v. *Woarms* (72 App. Div. 196); *Jones* v. *City of New York* (60 id. 161; affd., on opinion below, *sub nom. O'Connor* v. *City of New York*, 174 N. Y. 517), and *Mahoney* v. *Oxford Realty Co.* (133 App. Div. 656).

The proper method of pleading in such cases has been set forth in *Thilemann* v. *Mayor* (66 App. Div. 455, 457) where the court said: " In drawing the complaint the pleader evidently recognized that the final certificate of the engineer was an obstruction to the right of the plaintiffs to recover, and that certificate was attacked, it being alleged in the first (as well as in the second cause of action) that the engineer and inspector, or inspectors, in charge of the work under the contract, made certificates that were false and untrue, and given in bad faith and under a misconstruction of the contract. It has been held that where parties to a contract of this character have provided for a final and conclusive estimate of an engineer as an essential prerequisite to any payment of the contractor, the provision of the contract shall be taken as binding and that the contractor is concluded thereby; and that where a certificate is given it is conclusive upon the parties, in the absence of proof of corruption, bad faith or misconduct on the part of the person signing the certificate. It was held in *Smith* v. *Mayor* (12 App. Div. 391) that in the face of a certificate relating to the quantity of filling done on a contract of a character similar to that involved in this action, the contractor could not recover for an extra amount of filling unless he alleged and proved facts which would impeach the certificate as false, fraudulent or made in bad faith, or unless the final certificate was based upon an erroneous construction of the contract. (*Burke* v. *Mayor*, 7 App. Div. 128.) "

This question was also considered in *Farrell* v. *Levy* (139 App. Div. 790, 792) where the court said: " It is well settled that when a contract between the parties provides that the architect's certificate shall be conclusive, then such provisions must prevail unless the certificate be attacked on the ground of fraud, misconduct or palpable mistake, and these grounds of attack cannot be heard unless such defense has been affirmatively pleaded in the answer. (*New York Building Co.* v. *Springfield Elevator Co.*, 56 App. Div. 294; *Everard* v. *Mayor*, 89 Hun, 428; *Sweet* v. *Morrison*, 116 N. Y. 19; *Sewer Commissioners* v. *Sullivan*, 11 App. Div. 472; affd., 162 N. Y. 594; *Smith* v. *Mayor*, 12 App. Div. 391.) The reason underlying these decisions is that, under such circumstances, the contract makes the architect an arbitrator, and that his determination can be attacked only in such manner as that of any other arbitrator."

If the plaintiff did the work in a proper and workmanlike manner and complied with the other requirements of the contract which would entitle it to a bonus, it may recover the amount of the bonus even though the defendant was not satisfied with the work.

In *Doll* v. *Noble* (116 N. Y. 230) the court held: " Where a contract for work and labor required the work to be done ' in the best workmanlike manner,  * * *  and to the entire satisfaction ' of the party for whom it is done, held, that if done in the best workmanlike manner such party could not defeat a recovery of the price agreed to be paid by arbitrarily and unreasonably declaring that it was not done to his satisfaction."

In *Messmer* v. *Boettger Silk Finishing Co.* (160 App. Div. 519) it was held: " Where a written contract employing a silk finisher provided that the work done by him should be ' satisfactory to the trade and customers ' of the employer, and that if his work was not done satisfactorily to the trade and customers the employer might discharge the employee, and the latter sues for an alleged wrongful discharge, it is error for the court to instruct the jury that it was not sufficient that the defendant shows that his customers were dissatisfied, but that he must go further and show that cause for the dissatisfaction actually existed."

In *Sabarsky* v. *Drew* (176 App. Div. 80; affd., 226 N. Y. 557, without opinion) it was held: " Where a contract between the plaintiff and defendants, who were engaged in the manufacture of shirts, among other things provided that the defendants would give to the plaintiff such of the work required in its business as the plaintiff shall be able to handle in his shop according to the ' exclusive judgment ' of the defendants, it being expressly agreed that the defendants shall not be required to give to the plaintiff any more work than in their judgment can be handled by the plaintiff in his shop, nor any quality of work which, in their judgment, cannot properly be handled by him, the defendants are made the sole judge of the quantity and quality of the work to be intrusted to the plaintiff.  Hence he cannot maintain an action to recover damages for the breach of the contract merely because the defendants, having intrusted the plaintiff with certain work, afterwards refused to give him further orders upon the ground that his plant was not adequate and that the work previously done was unsatisfactory and defective."

In *Ginsberg* v. *Friedman* (146 App. Div. 779) the court held: " Where a contract employing one to design garments for women provided that the designs shall be at all times to the entire satisfaction of the employer, and that he shall be the sole judge thereof, he is entitled to discharge the employee if in fact dissatisfied with

his work. It is error to allow the jury to determine whether he ought to have been satisfied if in fact his dissatisfaction was real and not assumed in order to rid himself of the employee."

We are not concerned with cases where matters within the realm of personal taste and preference were involved and the party to be satisfied was constituted the sole judge, so that his decision, though arbitrary, had to be accepted.

As the pleadings stand, the order should be reversed, with ten dollars costs and disbursements, and the motion for judgment granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.