LOUIS PASTERNACK, Respondent, v. IRVING DIAMOND et al., as Trustees of the Luggage Workers Union Retirement Fund, Appellants.

First Department, April 16, 1957.

*Isadore Katz* of counsel (*Elias Lieberman* with him on the brief; *Lieberman, Katz & Aronson,* attorneys), for appellants.

*Arthur A. Grutman* for respondent.

*Per Curiam.* In this equity action to compel the defendants, trustees of a pension fund, to make retirement payments to the plaintiff and for a money judgment for accrued payments, judgment was entered for the plaintiff after trial.

The complaint, in essence, alleges a breach of contract; to wit, a trust agreement providing for retirement benefits for superannuated members of a labor union. The board of trustees found that the plaintiff had failed to qualify as eligible for retirement benefits because he had withdrawn from the industry and had not been continuously employed for the minimum period of 15 years.

The plaintiff's action, if intended to be considered on the theory of a breach of contract, must fail because the trust agreement provides (art. VII, § 1): '' The decision of the Board of Trustees on such review shall be final and binding ''. The plaintiff is bound by the contract. (*Duffy Bros* v. *Bing & Bing,* 217 App. Div. 10, 13 *et seq.*)

The plaintiff can fare no better if we treat the matter as a judicial review of the board's determination. The record contains proof sufficient to sustain the board's action in denying plaintiff's application for a pension. The court may not substitute its judgment for that of the trustees on the disputed factual issues (*Matter of Wilkins,* 169 N. Y. 494, 496–497; *Matter of Campe Corp. [Pacific Mills],* 275 App. Div. 634; *Doobin* v. *Kelly,* 5 Misc 2d 123). Under the circumstances, we must reverse the finding of the learned trial court that the '' trustees, arbitrarily, capriciously and unreasonably refused to pay retirement benefits to the plaintiff ''.

The judgment should be reversed and the complaint dismissed, with costs. Settle order.

Peck, P. J., Breitel, Frank, Valente and McNally, JJ., concur.

Judgment unanimously reversed and the complaint dismissed, with costs. Settle order on notice.