ALFRED H. COSDEN, Respondent, *v.* E. E. PAUL COMPANY, Appellant, Impleaded with AMERICAN SURETY COMPANY, Defendant.

Second Department, March 4, 1921.

**Contracts — building contract — action by owner to recover expense incurred in replacing defective work — evidence supporting finding of referee — reconstruction not in accordance with plans.**

In an action by an owner under a building contract to recover expense incurred in replacing certain defective work, *held,* that the findings of the referee that the alleged defects existed were supported by the evidence.

The defendant cannot complain that the reconstruction was not in accord with the plans and specifications of his contract where the cost thereof was not greater than it would have been if the reconstruction had followed the plans.

APPEAL by the defendant, E. E. Paul Company, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Suffolk on the 16th day of July, 1919, on the report of a referee appointed to hear and determine the whole issues.

*C. J. Sullivan* [*Frederick Hulse* with him on the brief], for the appellant.

*Robert P. Griffing,* for the respondent.

JENKS, P. J.:

Plaintiff, owner, elected, under the building contract for his house, to repair or to replace certain defective work and materials at the expense of defendant, contractor. Plaintiff's judgment is attacked as to three items: (1) The windows, (2) the terrace, (3) the waterproofing of some of the foundation walls.

1. The proof supports the finding of the referee that in rainfall many of the windows leaked badly. The defendant contended that the leaks were due to the plan, and offered testimony that its work conformed to the plan. But there was testimony that the construction was not always timely with essential requirements of the specifications, which the parties made part of the contract, and that if the construction under the plan and specifications had been made in the usual and proper manner, in that spaces between window frame and brick work had been filled with mortar as are other joints in masonry, the windows would have been watertight. There is testimony that the leakage was thus stopped by the plaintiff. Not only is there testimony of these omissions of the contractor, but also that when its attention was called to the omissions it agreed that it was important to have full mortar joints in all of the brick work with respect to the window frames. This feature of the case discriminates it from cases like *Mac Knight Flintic Stone Co.* v. *Mayor* (160 N. Y. 72), cited by the learned counsel for the appellant.

2. The evidence supports the finding that the fill of terrace was defective. The defendant contends that it is not liable in any event because the plaintiff did not rebuild the terrace in accord with the plans and specifications, in that in place of fill the flat arch of the terrace was supported by a foundation and a wall. Wines, the builder of the reconstructed terrace,

Second Department, March, 1921. [Vol. 196

testifies as an expert that this work cost less than would replacement of a proper fill. His testimony. was not challenged or contradicted. If the cost was not greater than that of reconstruction in accord with the plans and specifications, the defendant cannot complain. (*New York Building Co.* v. *Springfield El. Co.*, 56 App. Div. 297.)

3. The evidence was sufficient to show that the walls of the cottages, cellars and vegetable cellars required repair. This repair was made by plastering the surface of the foundation with cement. It appears that powdered waterproofing was mixed with. the cement and sand used for plastering. The defendant contends that in any event it is not liable because *waterproofing* was not contemplated by the contract or specifications. Wines testifies that only that part of the wall which leaked was waterproofed, and that if concrete of the prescribed density had been used originally there would have been no leaks. The witness also testifies that the plaintiff could not have torn down the wall and put it up again with concrete of proper density at the cost of the waterproofing; and that the protection of this wall against water was by waterproofing. It did not appear that the powdered waterproofing increased the cost of the plaster. And on the other hand the defendant objected when the plaintiff sought to show the cost of the mixture with the addition of the waterproofing element. If this defect arose from failure to furnish concrete of proper density, the remedial steps of the plaintiff were not confined to substituting proper concrete; he could do anything else to effect the same purpose, and the defendant could not complain unless the variation was more costly to it. (*New York Building Co.* v. *Springfield El. Co., supra; Rowe* v. *Peabody,* 207 Mass. 226, 237; *Delray Lumber Co.* v. *Keohane,* 132 Mich. 21.)

I advise affirmance, with costs.

Present — JENKS, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.