<em>Exceptions overruled.</em>

---

## J. S. LANG ENGINEERING COMPANY *vs.* WILKINS POTTER PRESS.

Suffolk.   October 16, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Way*, Private.· *Equity Jurisdiction*, To enjoin obstruction of private way. *Deed*, Construction.

In a suit in equity to enjoin the defendant from an alleged obstruction of a private right of way by the construction of a railroad siding thereon, it appeared that the plaintiff and the defendant owned adjoining parcels of land both bounded southerly by a railroad location; that the defendant's land was bounded easterly by a public way which continued southerly across the railroad location; that the plaintiff's land, adjoining the defendant's land on the west, was four hundred feet from the public way; that the deeds to the plaintiff and to the defendant were from a common grantor, the plaintiff's land being conveyed first and granting him as appurtenant thereto a right of way " to be used . . . by the grantee in common with the owners of the remaining of said . . . land," the right of way being described as from the public way over a strip of land with uniform width of thirty (30) feet adjoining the railroad location, and the deed further providing " that the construction and use of a side track from said railroad upon said right of way by the said . . ·. [predecessors in title of the defendant] or their heirs and assigns shall not be deemed an obstruction of the grantees' right therein provided there is left in said way an unobstructed width of twenty (20) feet." The defendant proposed to construct diagonally across the thirty-foot strip a sidetrack which for a distance of eighty feet would not leave an unobstructed width of twenty feet outside of the space included in the siding. *Held*, that

(1) While the owner of a servient estate is entitled to make such use of it as is consistent with the easement, the terms and conditions of the easement above described resulted in a limitation of the use of the thirty foot strip which the construction of the proposed sidetrack by the defendant would violate;

(2) The conclusion thus reached could not be avoided because of arguments of convenience or strong advantage to the defendant and lack of substantial damage to the plaintiff;

(3) It was proper to enter a final decree enjoining the construction and maintenance in the thirty foot strip of a railroad siding which did not leave in the whole length of the strip a continuous width of twenty feet exclusive of the space occupied by such siding or any car or cars thereon.

BILL IN EQUITY, filed in the Superior Court on January 30, 1923, seeking to restrain the defendant from an alleged obstruction of a private way by the construction of a railroad siding across the way.

In the Superior Court the suit was heard by *McLaughlin,* J. It appeared that the plaintiff and the defendant were owners of adjoining parcels of land in Waltham, originally part of a large acreage belonging to their common grantors, the " Roberts heirs." Both parcels were bounded on the south by the location of the Boston and Maine Railroad. The defendant's land was bounded on the east by South Street, which continued in a southerly direction and across the location of the Boston and Maine Railroad. The plaintiff's land immediately adjoined the defendant's land on the west, its eastern boundary being four hundred feet from South Street. Provisions of the deeds creating and restricting the use of the right of way in question, and all other material facts, are described in the opinion. By order of the judge a final decree was entered enjoining the defendant " from laying out, constructing or maintaining in said thirtyfoot strip a railroad siding which does not leave in the whole length of said thirty-foot strip a continuous width of twenty feet exclusive of the space occupied by any such siding or any car or cars thereon." The defendant appealed.

*F. J. V. Dakin,* for the defendant.

*L. R. Chamberlain,* for the plaintiff.

JENNEY, J. In 1916, the plaintiff purchased from the heirs of one Roberts land in Waltham, abutting on the south upon the location of the Boston and Maine Railroad; and as appurtenant thereto it acquired, " to be used . . . by the grantee [the plaintiff] in common with the owners of the remainder of said Roberts' land, their heirs and assigns,"

a right of way from " South Street over a strip of land with uniform width of thirty feet (30 feet)" adjoining said location. The deed creating this easement provided: " It is understood and agreed that the construction and use of a side track from said railroad upon said right of way by the said Roberts' heirs or their heirs or assigns shall not be deemed an obstruction of the grantees' right therein provided there is left in said way an unobstructed width of twenty (20) feet." The plaintiff is still the owner of the property. In 1922, the land between that of the plaintiff and South Street was conveyed to the defendant subject to the plaintiff's right of way. The defendant is now constructing a siding from the tracks of the Boston and Maine Railroad in an easterly direction obliquely across the way to a loading platform adjoining its factory. " The distance from the point at which the side track enters the way on its south boundary to the point at which it emerges on the north, is about one hundred and sixty feet, and for the distance of about eighty feet in the thirty-foot strip there is not left an unobstructed width of twenty feet outside of the space included by the siding." The defendant proposes and intends to build the way " in accordance with proper and modern methods of constructing highways " and with the rails of the siding " flush with the top of the surface of the roadway, and . . . protected on both sides by planks or stringers in the usual manner adopted for street crossings."

The question is whether such construction and use of the siding are an infringement of the plaintiff's rights under its deed.

The long established rule is that the owner of the servient estate is entitled to make such use of it as is consistent with the easement. *Salter* v. *Boston & Albany Railroad,* 239 Mass. 235, 248, and cases there collected. *New York Central Railroad* v. *Ayer,* 242 Mass. 69. In the case first cited it was decided that the mere construction and use of a railroad track across a private way were not an invasion of the easement, provided the track was so laid as not to obstruct the way in an appreciable or substantial manner, and provided the use made was reasonable.

The grant or reservation creating an easement must be construed with reference to all its terms and the then existing conditions so far as they are illuminating. *Hamlin* v. *New York, New Haven & Hartford Railroad,* 176 Mass. 514. *Prentiss* v. *Gloucester,* 236 Mass. 36. *New York Central Railroad* v. *Ayer, supra.* It is not necessary to decide whether the way here considered is a convenient one over the defined strip of land, or whether apart from the restrictive terms of the deed the dominant owners would have been entitled to its entire width free from obstruction. See *Siegel* v. *Starzyk,* 238 Mass. 291; *New York Central Railroad* v. *Ayer, supra,* at page 76.

The servient owners were expressly authorized to build a sidetrack and in effect were limited in the manner of its construction and use. The controlling intent is that there shall always be an unobstructed width of twenty feet; and that the way must be so used as to preserve this space free from the operation of cars. A use which might otherwise be reasonable must yield to this limitation of the deed. The terms and conditions under which an easement may be created and the manner of its exercise are within the control of the creating parties so long as no forbidding principle of law is violated. *Boston Water Power Co.* v. *Boston & Worcester Railroad,* 16 Pick. 512, 522. *Harback* v. *Boston,* 10 Cush. 295, 298. *Cotting* v. *Boston,* 201 Mass. 97. This conclusion cannot be avoided because of arguments of convenience or strong advantage to one party and lack of substantial damage to the other. It results from the limitation expressed in the deed.

It follows that the decree entered in the Superior Court enjoining the construction and maintenance of a railroad siding across the way was right, and it is affirmed with costs.

*So ordered.*