(277 S.W.)

## ROBINSON v. ÆTNA LIFE INS. CO.
### (No. 546—4239.)

(Commission of Appeals of Texas, Section B.
Dec. 2, 1925.)

1. **Appeal and error** ⬅⟶854(2)—**Supreme Court, before reversing, will review all assignments of prevailing party in Court of Civil Appeals.**

Before reversing a judgment of the Court of Civil Appeals, the Supreme Court will review all assignments by the prevailing party in that court, since judgment will be affirmed, if correct, even though on erroneous grounds.

2. **Appeal and error** ⬅⟶1090(1)—**Complaint of party prevailing in Court of Civil Appeals will not be considered, in absence of application for writ, where decision is affirmed.**

On affirming a decision of the Court of Civil Appeals, objections by defendant in error to decision on certain phase of case will not be considered by Supreme Court, in absence of such party's application for writ of error.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On motions for rehearing. Motions overruled.

For former opinion, see 276 S. W. 900.

SPEER, J. We have examined motions for rehearing by the plaintiff in error and by the defendant in error, and are of the opinion both motions should be overruled.

[1, 2] Defendant in error urgently insists that we should have disposed specifically of its assignments of error presented to the Court of Civil Appeals complaining in numerous respects of the trial court's denial of its supposed rights under the autopsy clause of the policy. The Court of Civil Appeals overruled these assignments, and the case was brought to the Supreme Court upon application of the plaintiff in error; no application by the defendant in error having been made for a writ. The Court of Civil Appeals having reversed and remanded the cause, the defendant in error, therefore, is in the attitude of assenting to such judgment, and is conclusively presumed to be satisfied therewith. Our judgment is not one reversing the judgment of the Court of Civil Appeals, but, on the contrary, we have affirmed its judgment of reversal, though upon different grounds in part. The case is not one, therefore, for the application of the principle announced in Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185, invoked by defendant in error. It is the practice of the Supreme Court to review all assignments by the prevailing party in the Court of Civil Appeals upon reversing the judgment of that court upon the theory that a correct judgment should not be reversed, though based upon erroneous reasons. Since the Court of Civil Appeals entered the correct judgment, and since we have affirmed that judgment, the rule of practice referred to has no application here. If defendant in error was not content to abide the ruling of the Court of Civil Appeals upon its assignments affecting its right to an autopsy, and was not willing to accept the reversal and remanding with an adverse decision in respect to the autopsy, it should have filed its motion for rehearing and presented its application for a writ to the Supreme Court.

We recommend that both motions for rehearing be overruled.