ELENA BOTTINI & another *vs.* JOSEPHINE ADDONIZIO.

Suffolk. November 28, 1927. — November 30, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Performance and breach, Building contract.

If, at the hearing in a municipal court of an action upon a contract in writing providing for the sale by the plaintiff and the purchase by the defendant of certain land and buildings and that the plaintiff first should erect on the land a garage, all "work and material to be satisfactory to the inspectors and to the buyer," the defendant asked for a ruling, in substance, respecting a deduction from damages to be assessed in favor of the plaintiff of the amount of the difference between the value of the property as it should have been if the contract had been performed and as it was as a result of the plaintiff's not having performed the contract "in a manner which would have been reasonably satisfactory"; and the judge found that the plaintiff performed all the work required by the terms of the contract in a workmanlike manner, and found generally for the plaintiff for the full amount claimed, it was proper for the judge to refuse the ruling requested as not applicable in view of the findings of fact made, since it was evident that the judge never reached, nor properly could reach, consideration of the question of damage done to the defendant.

CONTRACT upon a contract in writing by which the plaintiffs were to sell and the defendant was to purchase certain land and buildings thereon. Writ in the Municipal Court of the City of Boston dated October 20, 1926.

Provisions of the contract were that the plaintiff was to "make two car concrete first class waterproof garage in the rear of the yard, twenty feet long and nine feet high, with iron beams dividing the ceiling and lay concrete driveway from garage to street. All work and material to be satisfactory to the inspectors and to the buyer. The garage is to be completed within a reasonable time." The contract price

was $14,500, of which sum all had been paid excepting the
final payment of $1,500, which the defendant refused to pay
because of the alleged fact that the garage had not been
built in accordance with the requirements of the contract.

Material evidence, rulings requested by the defendant at
the trial in the Municipal Court, and facts found by the
judge are stated in the opinion. The judge found for the
plaintiffs in the sum of $1,630 and reported the action to
the Appellate Division. The report was ordered dismissed.
The defendant appealed.

*H. Horvitz,* for the defendant.

*P. C. Borre,* for the plaintiffs.

BY THE COURT. This is an action to recover the balance
due on a written contract for the building of a garage. The
answer was a general denial, payment and recoupment.
One clause of the contract was: "All work and material to
be satisfactory to the inspectors and to the buyer." The
trial judge found that the plaintiff performed all the work
required by the terms of the contract in a workmanlike
manner, and found generally for the plaintiff for the full
amount claimed. At the conclusion of the evidence the
defendant requested a ruling that "the measure of damages
would be the contract price, minus the amount by which the
value of the house as left by the plaintiff falls short of what
the value would have been if he had constructed the property,
including the garage, in a manner which would have been
reasonably satisfactory." This ruling was refused as not
applicable in view of the findings of fact made.

The general finding in favor of the plaintiff imported a
finding of every subsidiary fact necessary to that result.
The evidence was ample to warrant the conclusion that the
work was performed in such a way as reasonably ought to
have been satisfactory to the defendant. This is all that
the contract required. *Handy* v. *Bliss,* 204 Mass. 513, 520.
The general finding for the plaintiff means that the judge
found this fact in the plaintiff's favor. Therefore he never
reached, nor properly could reach, consideration of the ques-
tion of damages, and the requested ruling was denied rightly.

*Order dismissing report affirmed.*