EMMA V. HEALEY & another *vs.* SMITH CARRIAGE COMPANY
& others.

Hampden.     October 16, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Public, Private. *Easement. Deed,* Construction. *Equity Pleading and Practice,* Appeal.

Upon an appeal by the plaintiff in a suit in equity from an interlocutory decree overruling his exceptions to findings of fact by a master who reported no evidence, and from a final decree dismissing the bill, the only question before this court is whether the facts found by the master required the relief sought by the bill.

In 1865 a city was the owner of a tract of land between two streets. A passageway, shown on maps of 1851 and 1860, was open across the tract between the streets as far back as 1860, and had been used continuously since then by the public as a means of access to the property abutting thereon, and of light, air and prospect for such property. The deed to the city made no specific mention of such way. In 1865 the city conveyed to a grantee a lot from the tract on one side of the way, with no right to use the way or have it kept open; conveyed to a second grantee a lot on the opposite side of the way from that conveyed to the first grantee, subject to a right of way for the benefit of land sold to a third grantee, to whom was conveyed another lot adjoining those lots previously conveyed, with "the right to use for all purpose of a way" the said way between the two streets. Successors in title of the first and second grantees proposed to build an overhead bridge across the way between their lots. In a suit in equity to enjoin the erection of the bridge, commenced in 1926 by the successor in title to a part of the lot conveyed to the third grantee, it was found that such bridge would not interfere with normal travel by foot or in vehicles along the way, nor materially diminish to abutters and other persons using the way access to light and air. A final decree was entered dismissing the bill. *Held,* that

(1) Nothing appeared to warrant findings that the way was a public way, or used as a public way;

(2) The circumstances existing in 1865 did not indicate a plan of development of the tract, nor show an intention of the parties to the deed to the third grantee to create any easement greater than the mere right of passage;

(3) The final decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on June 21, 1926.

The suit was referred to a master. The bill and material facts found by the master are described in the opinion. The suit thereafter was heard by *Qua*, J., who found that nothing appeared in the master's report to warrant findings that the way mentioned in the opinion was a public way, or used by the public under a claim of right; or that the circumstances existing in 1865 were such as to enlarge the grant in the deed from the city of Springfield to Smith dated May 31, 1865. By order of *Lummus*, J., there were entered an interlocutory decree confirming the master's report, and a final decree dismissing the bill. The plaintiffs appealed.

The case was submitted on briefs.

*W. G. McKechnie & R. J. Powers*, for the plaintiffs.

*G. F. Leary & G. D. Cummings*, for the defendants.

PIERCE, J.    This is a bill in equity to enjoin the defendants from further proceeding with the erection of a bridge over Peabody Lane, in the city of Springfield, from the property of the defendant Guy E. Boynton or the defendant Marian A. Boynton to the property of the defendant Smith Carriage Company. The case is before this court on appeal of the plaintiffs from an interlocutory decree overruling exceptions to and confirming the master's report, and from the final decree dismissing the plaintiffs' bill with costs.

The exceptions of the plaintiffs relate solely to findings of fact. As the evidence is not reported, the question for decision is, Did the facts found require a decree as prayed for in the bill of complaint?

The master found the following facts: "The location of Peabody Lane, formerly known as Taylor Avenue, is shown on a map of the city of Springfield, bearing the date 1851 and on another such map bearing the date 1860, and as far back as the year 1860 [the lane] was open and in use substantially in its present location." The heirs of one Taylor, by deed dated November 22, 1864, conveyed to the city of Springfield "a tract of land approximately rectangular in shape, extending East and West from Main to Willow Street, North to land of one David Bush and South to land of one David Smith. . . . this deed made no specific mention of Peabody Lane or Taylor Avenue. Peabody Lane or Taylor Avenue

as used and laid out extended and still extends from East to West through the land so acquired by said City, which land lies both to the North and to the South of said Lane. . . . The surface of said Lane is dirt of substantially the same appearance from side to side and end to end and without sidewalks. The city of Springfield has maintained a sewer since about 1900 and has also maintained a water main under said Lane which are entered and used by some of the property owners abutting on said Lane . . . the passageway now in existence and known as Peabody Lane . . . has been and is now used as a way substantially twelve feet in width for its entire length, for access to property abutting thereon . . . and as a free and unobstructed means of access by the public between . . . Main Street and Willow Street under the circumstances and to the extent [set out in the master's report] . . . since said Lane and Avenue has been laid out it has been used by abutters thereon as a means of access to light, air and prospect for said property, the buildings thereon and the occupants thereof."

After acquiring title to the above described tract the city of Springfield in 1865 conveyed the land to grantees in the order which follows: May 5, 1865, to Thomas McLaughlin, a portion of the tract on the southerly side of a "contemplated passageway" (Peabody Lane) on the westerly side of Willow Street; "no right to use said passageway or to have the same kept open is hereby conveyed." The defendant Smith Carriage Company, at the time of the construction of the bridge in question, was the owner of the land conveyed to McLaughlin and was also the owner of land adjoining on the west which was the southerly portion of land conveyed to David Smith May 31, 1865.

On May 8, 1865, the city conveyed to one Burke a portion of the tract north of and adjoining the land of McLaughlin and immediately west of Willow Street. The premises conveyed "are subject to a right of way on the Southerly side . . . twelve feet in width for the benefit of the land sold by the City to David Smith in the rear to whose deed reference may be had for a more particular description of this right." The premises conveyed to Burke, through mesne

conveyances on January 31, 1914, passed to and was vested in the defendant Guy E. Boynton. The defendant Alden Manufacturing Company was at the time of the construction of the bridge mentioned in the plaintiff's bill of complaint "lessee under a written lease from said Guy E. Boynton of the premises at the Northeast corner of said Peabody Lane and Willow Street" and also lessee under the defendant Marian E. Boynton, then owner of a strip adjoining said land conveyed to Guy E. Boynton on the west about forty feet in width, and which formed a part of the land conveyed to David Smith.

On May 31, 1865, the city conveyed to one Betsy Bush that portion of said tract which immediately adjoins to the north land conveyed on the same day to Sarah Peabody; the part so conveyed to Bush lies immediately to the east of Main Street. The deed reserved to the grantors "their successors and assigns the right to the free and unobstructed use of a passageway twelve (12) feet in width on the southerly side of said tract. Said right of way to be appurtenant to the part of the Taylor lot bargained to David Smith but not to those lots which front on Willow St. or Main St. South of *sd* tract."

By deed dated May 31, 1865, the city conveyed to Sarah Peabody a portion of said tract which immediately adjoins to the south the portion conveyed to Betsy Bush. No mention is made in the deed of the passageway, Peabody Lane.

By deed dated May 31, 1865, the city conveyed to David Smith the rest of the tract conveyed to the city by the Taylor heirs, with "the right to use for all purposes of a way a passageway twelve feet in width from *sd* tract to Willow St. North of land of *sd* McLoughlin, also the same right in a passageway twelve feet in width to Main Street on the south side of the land conveyed by said City to Betsey Bush." "At the time of said conveyance . . . Smith . . . owned other land immediately adjoining to the south the land acquired by said city from the heirs of said Taylor." The plaintiffs became owners, as joint tenants, of two interior lots on the northerly side of Peabody Lane, under two deeds of James G. Dunning, administrator, both dated

April 21, 1916.   These lots are a part of the land conveyed
to David Smith and through mesne conveyance are vested
in the plaintiffs with all the rights, privileges and appur-
tenances which attached to and inhered in the Smith land.

The master finds that the lots excluded from the appurte-
nancy were the lands conveyed by the city to McLaughlin,
the land conveyed to Peabody and the land conveyed to
Burke "if said land so conveyed to Burke is within the fair
meaning of the following words used in said deed to Bush,
'Said right of way to be appurtenant to the part of the
Taylor lot bargained to David Smith but not to those lots
which front upon Willow Street or Main Street south of said
tract.'"

After negotiations it was agreed by and between the
defendants Alden Manufacturing Company and Smith
Carriage Company that an overhead bridge should be con-
structed from the second floor of the building occupied by
the Alden Manufacturing Company, to the north of said
lane, to that portion of the second floor of the building owned
by the Smith Carriage Company, to the south of said lane,
which was to be leased to the Alden Manufacturing Com-
pany;  and it was further agreed that the bridge should be
constructed at the order of the Smith Carriage Company
and paid for by the Alden Manufacturing Company.   "Said
bridge was to be used as a means of access by the . . . Alden
Manufacturing Company from one building to the other."
After these negotiations a permit was granted to the Smith
Carriage Company for such construction by the building
department of the city of Springfield.   Following the issu-
ance of the permit an opening was made in the south wall
of the building occupied by the Alden Manufacturing Com-
pany, some two feet above the level of the second floor on
the north side of the lane, and a similar opening was made in
the north wall of the building owned by the Smith Carriage
Company at a point slightly above the level of the second
floor on the south side of said lane.   "At the time of the
filing of the bill of complaint . . . only the supporting iron
beams, the floor thereon and the openings into said buildings
had been constructed.   Subsequent thereto, in accordance

with the stipulation filed in this action . . . to the general effect that a temporary protection for said bridge including sides and roof might be built without prejudice to the rights of the parties to said action, the sides and roof . . . were enclosed with sheet metal."

The master further found that the bridge constructed by or for the defendants "is at such a height as not to interfere with normal travel along said lane by persons on foot or in vehicles. . . . as now constructed [it] does not materially diminish to . . . abutters or to other persons using said lane, access to light and air. It does to some comparatively slight extent obstruct the view to such abutters, and it is of course obvious that construction of further or other similar bridges over and across said lane would materially interfere with access to light, air and view to such abutters and to others using said lane." ·

We agree with the finding of the judge of the Superior Court that there is nothing in the findings of the master which would justify a conclusion that Peabody Lane is a public way. There is nothing in the findings to show that the way is used as a public way, rather than as an open private way. *Sargent* v. *Ballard,* 9 Pick. 251. *Sprow* v. *Boston & Albany Railroad,* 163 Mass. 330, and cases cited at page 340.

Treated as a private way created by grant in the deed of the city of Springfield to David Smith, *supra,* the question for decision is, Did the grantor and grantee in the circumstances intend that Peabody Lane should be open to the sky over its entire length, or was it the intention of the parties that the grantee, his heirs and assigns, should have only a right of passage over Peabody Lane from Main Street to Willow Street? It is said in *Crocker* v. *Cotting,* 181 Mass. 146, at page 151, "Speaking generally, if a right of way is created, and nothing more appears from the deed or the attendant circumstances, the owner of the servient tenement may build over the way, or do anything else so long as he does not interfere with or obstruct the right of passage over the soil," citing *Atkins* v. *Bordman,* 2 Met. 457, *Burnham* v. *Nevins,* 144 Mass. 88. The owner of a servient estate is

entitled to make such use of it as is consistent with the easement. *Salter* v. *Boston & Albany Railroad*, 239 Mass. 235, 248. *J. S. Lang Engineering Co.* v. *Wilkins Potter Press*, 246 Mass. 529, 531. There is nothing in the deed to Smith which directly grants the right to an open and unobstructed passage of light and air throughout the length of the twelve foot passageway. *Brooks* v. *Reynolds*, 106 Mass. 31.

This fact leaves for decision only the question whether the circumstances as they existed when the deed to Smith was delivered indicate an intention of the parties that no part of Peabody Lane should be built over. We think the attendant circumstances do not show that there was such intention. The fact that the lane is shown on a map of the city of Springfield bearing the date of 1851 and on another map bearing date 1860, with the fact that the passageway was open and in use in 1865, when the city of Springfield gave the deeds above referred to, has little value in determining whether the city in its grant in fee to Burke, Bush and Smith of the land over which the lane runs intended to reserve to itself and to its grantees a right greater than that of passage. Where a way is created by reservation "it would seem to be clear that the right or easement over the granted premises will be limited to that expressly reserved." *Crocker* v. *Cotting, supra.* The circumstances existing when the deeds were delivered do not show any plan of development. The deed to Smith does not subject the parcel conveyed to any right of way. It grants as an appurtenance a right of passageway twelve feet wide over the land of Burke and Bush, which right was reserved to the grantor in the deeds to these grantees.

*Decree affirmed with costs.*