CYRUS SARGEANT & another *vs.* TRAVERSE BUILDING TRUST & others.

HONORA E. QUEALEY .& another *vs.* SAME.

Suffolk.    January 15, 1929. — June 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Way,* Private. *Easement. Deed,* Construction. *Evidence,* Presump-. tions and burden of proof. *Equity Jurisdiction,* To enjoin infringement of easement. *Equity Pleading and Practice,* View, Findings by judge, Decree.

In a suit in equity to enjoin the defendant from building an archway over a private right of way, it appeared that a deed creating the right of way contained nothing which in terms granted a right to an open and unobstructed passage of light and air. Upon evidence warranting the finding, a judge who heard the suit found that the increased light and air that the plaintiff would get by having the passageway kept open to the sky would be negligible. *Held,* that

(1) The burden was on the plaintiff to prove that at the time of the creation of the way it was intended that it should be kept open to the sky;

(2) Upon the findings by the judge, it could not properly be ruled that under the deeds creating the way, or the attendant circumstances, the plaintiff was entitled to have it kept open to the sky.

It is a matter resting within the judicial discretion of a judge, hearing a suit in equity relating to a right of way, to determine whether, after the close of the evidence and the filing by him of a statement of findings, he shall take a view of the premises involved upon his own motion or at the request of either party; and, if he notifies the parties that he proposes to take such view and deems that it would assist him to a better understanding of the testimony which had been or might be presented, there can be no valid objection to his doing so.

A final decree in a suit in equity in which the plaintiff seeks to enjoin the defendant from building an arch over a right of way, which permits the defendant to "roof over said way" but permanently enjoins him from "roofing over said way at any height less than" a certain number of feet, is not open to the objection that it gives the defendant affirmative relief.

TWO BILLS IN EQUITY, filed in the Superior Court on November 10, 1927, and afterwards amended, and described in the opinion.

The suits were heard together by *Sisk*, J., a stenographer having been appointed under the provisions of G. L. c. 214, § 24, Equity Rule 29 (1926).

The supplemental findings of fact filed by the judge nearly eight months after he filed his original findings, five months after the final decree and four months after appeals of the parties therefrom, was as follows:

"After the filing of my original findings of fact and order for a decree, I took a view of the premises against the objections of the petitioners. There was a wooden covered passageway, approximately seven feet high and three feet wide, which had been constructed by the respondents running from the Sargeant land to Church Street. I examined this passageway.

"The final decree ordered to be entered herein is based partly upon the results of the examination and view taken by me of the premises and of the wooden passageway."

Material facts found by the judge and final decrees entered by his order are stated in the opinion. All parties appealed.

*M. F. Kennedy*, (*J. J. Twitchell* with him,) for the plaintiffs.

*B. A. Trustman*, for the defendants.

CROSBY, J.   These are suits in equity seeking to enjoin the defendants from building over and changing the grade of a right of way over real estate of the defendants appurtenant to real estate of the plaintiffs, and for damages caused by the acts of the defendants. A stenographer to take the evidence was appointed in accordance with Equity Rule 29 (1926). By stipulation of the parties the original exhibits introduced in evidence in the Superior Court may be referred to so far as necessary in the consideration of the issues before this court. The case is before us on the plaintiffs' appeals from the final decrees, the plaintiffs claiming to be aggrieved by the parts thereof permitting the defendants to arch over the right of way and to fix the height at which the arch may be built, and by the granting of affirmative relief to the defendants on the pleadings and facts; but they accept the decrees and waive their appeal therefrom except as above stated.

After the original findings and order for decrees, the trial judge filed supplemental findings of fact in which he stated that he had taken a view of the premises against the objection of the plaintiffs and examined "a wooden covered passageway, approximately seven feet high and three feet wide, which had been constructed by the defendants running from the Sargeant land to Church Street . . . [and that] The final decree ordered to be entered . . . [was] based partly upon the results of the examination and view taken by . . . [him] of the premises and of the wooden passageway."

It is the contention of the plaintiffs that paragraph "2" of the final decree "is evidently based on a supplemental finding of fact made by the judge after the evidence was closed and after a visit of the judge to view the premises against the protest and objection of the petitioners."

It appears that the defendants are owners of the lot formerly numbered 25 Shawmut Street, in Boston, at the intersection of that street and Church Street, and that they also own the next two lots to the east formerly numbered 23 and 21 on Shawmut Street. The plaintiff Sargeant and another are the owners of the next lot to the east numbered 19 Shawmut Street, and the plaintiffs Quealey are the owners of the fifth lot to the east numbered 17 Shawmut Street. Each lot is approximately forty-three feet deep and has a frontage of about sixteen feet. The passageway three feet wide, referred to in the bills, was laid out over the rear of the Sargeant lot and the three lots formerly owned by the defendants, and extended from Church Street to the Quealey lot. The defendants own the land on both sides of the passageway except the Sargeant land, and they own the fee in the passageway from the land of Sargeant and another to Church Street. Originally on each of the five lots there was a one-family brick dwelling, with a small garden in the rear from twelve to fourteen feet square. The right of way had existed for some time before 1867. In that year the city of Boston, acting under St. 1867, c. 308, condemned a tract of land consisting of about sixteen acres, including the land now owned by the parties to these suits, for the purpose of raising the level of the land and draining it in the interest of

the public health.   After the improvements were made, the five lots above referred to were in 1869, 1870 reconveyed by the city to their respective owners together with the pre-existing rights of way which then continued to exist, and the land on the north side of the passageway was reconveyed to its owners without any rights in the passageway, none having existed prior thereto.   The plaintiffs and the defendants trace their title to the grantees of the city of Boston.   After the defendants acquired their land they razed the buildings thereon.   The land of the plaintiffs is still occupied by the original dwellings.

The trial judge made the following findings:  The way, which is forty feet and nine and three quarters inches in length, is suitable for foot passengers or for the carrying in of small articles for domestic needs.   It is a back passage from Church Street to the back yards of the plaintiffs and is for those purposes which are ordinarily consistent with the use of a back passageway leading to kitchens or cellars.   The owners of the land on the north side of the way had a right to build up to the line of the passageway and did so, but they had no interest in the way or right to pass over it.   On the south side board fences were maintained by the owners of the several parcels to Church Street, who kept the way in suitable condition for travel.   "There was considerable evidence as to a projection from the rear of the second floor of the building numbered 23 Shawmut Street over the way.   The evidence was confined to the extent of the encroachment on the way. There was no evidence as to the history of this encroachment. Whether the owners of the estate numbered 23 built it under a claim of right or with the consent or acquiescence of the co-owners of the way did not appear.   If material, I find that the projection from the estate numbered 23 was about eight feet wide and from a foot to a foot and a half over the way. The base of the projection was about ten feet above the way."

It is admitted by the defendants in their answer and in the agreed statement of facts that they intend to erect a building upon their premises and to arch over the way.   Before these suits were brought the defendants proposed to erect the

building in accordance with plans filed with the building department of the city of Boston, but they have been enjoined by the final decrees from building over the way at a height of less than seven feet above the original grade, except that the clearance of the opening and stairway at the Church Street end may be reduced to not less than six feet and ten and one-fourth inches. It is the contention of the plaintiffs that the defendants have no legal right to build over the way and that they (the plaintiffs) are entitled to have it kept open to the sky; but the judge found that "The increased light and air that they would get by having the passageway kept open to the sky would be negligible."

The second paragraph of the final decree is as follows: "That the defendants may roof over said way, but they are permanently restrained and prohibited from roofing over said way at any height less than seven (7) feet above the grade of said way, as herein established, except that the clearance of the opening and stairway at the Church Street end of said way may be reduced to not less than six (6) feet ten and one quarter (10.25) inches."

The question, whether the defendants have a right to build over the passageway, depends upon the terms of the grant by which it was created and the attendant circumstances. It was said in *Crocker* v. *Cotting*, 181 Mass. 146, at page 151: "Speaking generally, if a right of way is created, and nothing more appears from the deed or the attendant circumstances, the owner of the servient tenement may build over the way, or do anything else so long as he does not interfere with or obstruct the right of passage over the soil." See also *Atkins* v. *Bordman*, 2 Met. 457; *Burnham* v. *Nevins*, 144 Mass. 88; *Healey* v. *Smith Carriage Co.* 265 Mass. 203. The burden is on the plaintiffs to prove that at the time of the creation of the way it was intended that it should be kept open to the sky. *Duncan* v. *Goldthwait*, 216 Mass. 402, 404. There is nothing in the language of either of the original deeds, or the deeds from the city of Boston, which in terms grants the right to an open and unobstructed passage of light and air. The language of the original deeds is as follows: "reserving . . . a right to pass over a strip of land three feet

wide being the northerly part of the said premises . . . ."
The deeds from the city read as follows: "together with a
common right of way in the three-foot passageway upon the
rear of the said premises leading to Church Street." The
way was originally created by reservation. Where a way is
so created, "the right or easement over the granted premises
will be limited to that expressly reserved." *Crocker* v.
*Cotting, supra.* Upon the findings of the judge, which were
warranted by the evidence, it could not properly be ruled that
under the deeds creating the way, or the attendant circum-
stances, the plaintiffs were entitled to have it kept open to the
sky.

It is contended by the plaintiffs that the decrees are er-
roneous in so far as the findings and final decree establish the
height below which the defendants might not build in arching
over the way, on the ground that they are based in part on
the supplemental findings resulting from the view taken by
the judge after the close of the evidence and against the ob-
jection of the plaintiffs. In criminal cases it is settled that
whether a view shall be taken rests in the sound discretion of
the judge. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 31.
In civil cases a view by a jury can be granted only upon mo-
tion of one of the parties. G. L. c. 234, § 35. It may be
granted in the discretion of the presiding judge even after the
close of the evidence, and the case reopened for that purpose.
*Yore* v. *Newton,* 194 Mass. 250, 252. There is no valid ob-
jection to a judge taking such a view upon his own motion,
or at the request of either party, if he notifies the parties that
he proposes to take such view and deems it would be of assist-
ance to understand better the testimony which has been or
may be presented. It is a matter resting within the judicial
discretion of the trial judge. In the case at bar the final de-
crees involve a finding that the clearance therein provided
would be sufficient under the circumstances, and would not
unreasonably interfere with the plaintiffs' use of the way.
*Bottini* v. *Addonizio,* 261 Mass. 456, 457. This finding being
based on conflicting oral testimony in part, as well as on the
view of the judge, cannot be said to be erroneous as matter
of law.

The final decrees, in the second paragraph, provide "That the defendants may roof over said way, but they are permanently restrained and prohibited from roofing over said way at any height less than seven (7) feet . . . except that the clearance . . . at the Church Street end . . . may be reduced to not less than six (6) feet ten and one quarter (10.25) inches." This paragraph of the decree is not open to the objection that it gives the defendants affirmative relief; it follows the result reached respecting the rights of the parties in the passageway. The decrees are to be affirmed with costs.

*Ordered accordingly.*