PAUL PATRY *vs.* CLARA BERICK.

DECEMBER 4, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. This is an action of the case in assumpsit to recover the amount claimed to be due plaintiff for work,

346

labor and materials furnished. The trial in the Superior Court resulted in a verdict for plaintiff and the case is before us on defendant's exceptions to the refusal of the trial justice (1) to direct a verdict for defendant, (2) to grant a new trial, and (3) to charge the jury as requested.

October 31, 1927, the parties entered into a written contract whereby the plaintiff agreed for the sum of $925 to paint the exterior of the house of the defendant and to do other specified work, in the way of renovating, to the interior of said house. The defendant reserved the right to select the color of the paint and the contract provided that the work was to be performed in "a thorough, substantial and workmanlike manner and to the personal satisfaction of the party of the second part", the defendant. It is contended that the provision of the contract as to personal satisfaction brings the case within the rule laid down in *Pennington* v. *Howland*, 21 R. I. 65. Most of the seventeen requests to charge are based on that contention. The rule in *Pennington* v. *Howland* is confined to a narrow class of cases where the element of personal taste or feeling is the criterion and if there is a stipulation of personal satisfaction, then the right of acceptance or rejection is from the nature of the subject matter of the contract completely reserved to the one against whom the contract is sought to be enforced. In the ordinary case where the subject matter relates to workmanship and quality the rule of reasonableness prevails. The rule in this class of cases is that if the work is done in a reasonably satisfactory manner that is all that can be required even though the contract provides that it is to be to the personal satisfaction of the one for whom the work was performed. *Miller* v. *Phillips*, 39 R. I. 416; *Hanaford* v. *Stevens*, 39 R. I. 182. It is to the latter class that the present case belongs. Whether the work was done in a reasonably satisfactory manner was a question of fact for the jury. Expert testimony was introduced by both parties on this question and the issue was properly left to the jury for determination. The defendant's

exceptions to the refusal to direct a verdict in her favor and to grant her a new trial are therefore overruled.

Most of the defendant's exceptions to the refusal to charge as requested are disposed of by our conclusion as to the law relating to this case, above set forth; as to the other requests, they had already been covered in the charge and were, therefore, properly refused.

All the defendant's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*James E. Brennan*, for plaintiff.

*Morris Berick*, for defendant.