146 P.2d 631

**ATMA v. MUNOZ.**

No. 4763.

Supreme Court of New Mexico.

Feb. 23, 1944.

Rehearing Denied March 22, 1944.

Frazier & Quantius, of Roswell, for appellant.

E. E. Young, of Roswell, for appellee.

BRICE, Justice.

This is an action of unlawful detainer. At the trial on appeal from an adverse judgment of the justice of the peace court the appellant (plaintiff) was denied relief in the district court and thereupon appealed to this court.

The appellant leased a farm to appellee for the crop year of 1942. Among the provisions of the written lease, material to a decision, was the following:

"Lessor is to get all the Government checks, free from any claim of the Lessee, and in the event the farm is not operated in a manner satisfactory to Lessor, in her judgment, the contract may be forthwith terminated by her, and in such event Lessee is to have no right of any sort or description in or to the crops or to the premises.

"The lessee is to receive one-half of all of the crops grown on the premises, and he is to furnish all labor and expense in irrigating, cultivating and otherwise attending to the farm."

In May 1942, after appellee's crop was growing, appellant gave appellee notice to vacate the leased premises for the alleged failure to "operate the farm in a manner satisfactory" to the appellant. The appellee refused to vacate, and the action for unlawful detainer followed.

The appellant tried the case in the district court upon the theory that the lease contract had been breached, and that the

appellant terminated it in good faith because of the breach. Her counsel, at the beginning of the trial, stated to the court: "If the Court please, we don't think this is exactly relative to the issues, but in order to prove the good faith of the plaintiff, we want to introduce some testimony as to the crops, and so forth, and for that purpose only."

The respective parties called many witnesses who gave testimony pro and con upon the question of whether the appellee had properly cultivated the crops then growing on the leased premises. The appellant requested the trial court to adopt the following findings of fact and conclusions of law:

"That the parties hereto entered into the written lease agreement introduced in evidence, and that said lease constitutes the entire agreement between the parties for the possession of the land involved.

"That plaintiff elected, in good faith, to terminate the lease pursuant to her option to do so in her judgment * * *.

"That defendant refused to vacate the premises, and yield possession of the crops, and unlawful detainer was instituted against him on May 21, 1942.

"That the lease agreement is entire.

"Requested Conclusions of Law:

"That pursuant to the terms of the lease agreement, plaintiff was allowed an option to terminate the agreement, at her discretion, and that her election so to do terminated the contract as of May 16, 1942;

that since said date defendant has been guilty of unlawful detainer of the premises, and the crops growing thereon.

"That the contract is entire, and must stand or fall together; that if the option provision is stricken as improper, the entire contract would fall with it, and defendant would be in possession without any right whatever.

"That equitable defenses are not permissible in this action, and that judgment should be entered for plaintiff, with costs."

The request was refused, and the trial court filed his decision, as follows:

"Findings of Fact

"That both plaintiff and defendant are residents of Chaves County, New Mexico, and the Court has jurisdiction of the parties hereto, and the subject matter involved.

"That on the 1st day of January, 1942, the plaintiff leased to the defendant herein a farm known as the Frank Stevens farm, located in Chaves County, New Mexico, for farming purposes for the year 1942; the tenure of said lease was from January 1st, 1942 until the 1st day of January 1943, the premises to be used for farming purposes.

"That Section 4 of said lease provides that in the event the farm is not operated in a manner satisfactory to the plaintiff, in her judgment, the contract may forthwith be terminated by the plaintiff, and in such event the defendant is to have no right

of any sort or description in or to the crops or the premises described therein.

"That on the 16th day of May, 1942, the plaintiff elected to terminate the said lease pursuant to her option to do so, whereupon the defendant refused to vacate the said premises and yield possession of the crops growing thereon.

"There was no mutuality of obligation between the parties as to that part of Paragraph 4 of said contract providing for a forfeiture or termination of the said contract at plaintiff's option.

"Based upon the foregoing findings of fact the Court concludes:

"Conclusions of Law

"That that part of Paragraph 4 of said contract providing for a forfeiture depended solely upon the will and pleasure of the plaintiff, and is therefore unilateral and unenforcible.

"That defendant is entitled to judgment."

The trial court stated at the conclusion of the testimony: "The only thing worrying me is this provision in this contract about the right given to the plaintiff to have repossession of the premises, not only the repossession of the premises, but as to all crops and everything else. * * * I am of the opinion, gentlemen, that this defendant has done about all he can do under the circumstances to make a crop. From the testimony of Mr. Miles and other gentlemen who knew the place, Mr. Munoz has as good a crop as has been on that place through all these years. I am of the opinion there is not sufficient grounds for the plaintiff to set aside the contract between them. It is just now before the Court on whether or not the defendant can forfeit his right to that contract by its provisions, as set forth in Paragraph 4. He seemed to leave the matter solely up to the plaintiff, at her discretion, to terminate the contract. It looks to me like a unilateral contract altogether lacking mutuality, but to say he could not bind himself by it is quite different. It looks to me like gentlemen, that clause is a complete forfeiture of the rights of the defendant.......I want to be sure about this. My feelings are with the defendant very strongly on the fact that he has done all that he can do out there. I find that the Court does not look with favor on a contract where it forfeits him at any time he wants to."

Paragraph 4 of the lease is as follows: "Lessor is to get all the Government checks, free from any claim of the Lessee, and in the event the farm is not operated in a manner satisfactory to Lessor, in her judgment, the contract may be forthwith terminated by her, and in such event Lessee is to have no right of any sort or description in or to the crops or to the premises."

It is obvious the trial court construed this paragraph of the lease to authorize the appellant-lessor to terminate the lease at her will without reference to whether she was dissatisfied with, or had exercised her judgment, honest or otherwise, regarding the manner of the cultivation of the crops;

also that the trial court's finding of fact No. 4 to the effect that appellant elected to terminate the lease "pursuant to her option to do so," must be construed in the light of the court's statement, that she might terminate the lease at will. This seems to be the construction placed upon it by appellant, as shown by his requested conclusion of law No. 1, as follows: "That pursuant to the terms of the lease agreement, Plaintiff was allowed an option to terminate the agreement *at her discretion,* and that her election so to do terminated the contract as of May 15, 1942; that since said date defendant has been guilty of unlawful detainer of the premises, and the crops growing thereon." (Our emphasis.)

We will so construe the finding.

The authorities are not in accord regarding the effect of a contract wherein one of the parties agrees to perform to the satisfaction of the other. Such provision is held by some courts to contemplate only that performance be to the satisfaction of any reasonable man, MacDonald v. Kavanaugh, 259 Mass. 439, 156 N.E. 740; Bottini v. Addonizio, 261 Mass. 456, 158 N.E. 846; Duffy Bros. v. Bing & Bing, 217 App. Div. 10, 215 N.Y.S. 755; Patry v. Berick, 50 R.I. 345, 147 A. 877. High authority has stated that "this is an arbitrary refusal by the court to enforce that contract the parties made, and seems unwarranted." 3 Williston on Contracts, (Rev. Ed.) Sec. 675-A.

█ It is the majority rule, which we adopt, that a promise by one party to a contract to perform on his part to the satisfaction of the other party is binding; but the dissatisfaction must be real and in good faith. Thompson-Starrett Co. v. La Belle Iron Works, 2 Cir., 17 F.2d 536; Jones-McLaughlin, Inc. v. Kelly, 100 Cal.App. 315, 279 P. 1076; Raisler Sprinkler Co. v. Automatic Sprinkler Co., 6 W.W.Harr., Del., 57, 171 A. 214; Melson v. Turner, 125 Neb. 603, 251 N.W. 172; 3 Williston on Contracts (Rev. Ed.) Sec. 675-A; Restatement of the Law of Contracts, Sec. 265.

The Supreme Court of the United States considered a similar contract in Goltra v. Weeks, Secretary, 271 U.S. 536, 46 S.Ct. 613, 617, 70 L.Ed. 1074.

It was stipulated that the lessor could terminate the lease if in his judgment Goltra (the lessee) was not complying with the obligations of the contract. The Supreme Court said, "The cases leave no doubt that such a provision for the termination of a contract is valid, unless there is an absence of good faith in the exercise of the judgment."

█ At the close of the trial the appellant requested certain findings of fact, as stated, among which was the following: "That plaintiff elected *in good faith* to terminate the lease pursuant to her option to do so in her judgment," which the trial court refused to adopt. If this request can be construed to mean that appellee had not cultivated the crops on the leased premises to the satisfaction of appellant, acting in good faith and in the exercise of an honest

judgment, then the requested findings if adopted would have supported a judgment for appellant. We will not pass on the question, for it was not adopted, and no point is made of the court's refusal to adopt it; and no finding was made on the question of whether appellant was in fact dissatisfied with appellee's manner of cultivating the crops, or whether her attempt to terminate the lease was in good faith or whether she exercised an honest judgment in such attempt; the burden of proving which rested upon appellant.

With a view of remanding the case for a specific finding on the question, we have carefully examined the record, and find that there is not the slightest testimony to support a finding thereon favorable to the appellant.

Much testimony was introduced to establish that appellee did or did not cultivate the crops properly, but none to establish that appellant was dissatisfied with the manner in which appellee cultivated the crops, or whether she had exercised an honest judgment, or any judgment whatever, regarding the matter. She did not testify and it does not appear that she ever saw the place or had any knowledge upon which she could exercise a judgment. Her husband testified as follows:

"Q. Do you look after your wife's affairs? A. Yes, Sir.

"Q. I want you to tell the court whether that farm was operated satisfactorily *to you?* A. No, sir."

This is the only testimony in the record regarding any dissatisfaction with the manner in which appellant cultivated the crops. The dissatisfaction of her husband was totally immaterial; it was appellant's real, good faith dissatisfaction that must have been proved; and her honest judgment that must have been exercised, not that of her husband, although he may have been looking after her business affairs.

We therefore conclude that if the case is remanded for a finding on the question, the trial court would necessarily refuse to find favorably to appellant, because of the lack of evidence to support such a finding. In fact the great weight of the evidence contradicts any assertion of appellant's good faith, and this seems to have been the conclusion of the trial court, though not included in his findings. He stated, "I am of the opinion that this defendant has done about all he can do to make a crop. From the testimony of Mr. Miles and other gentlemen who knew the place, Mr. Munoz has as good a crop as has been on the place through all these years." If there had been evidence of her dissatisfaction, the trial court, we assume, would have found against her good faith. Without such finding appellant *cannot recover.* We make this preliminary statement to indicate our view, that notwithstanding an erroneous view of the law upon which the trial court rested its decision, the appellant could not recover, notwithstanding such error.

We are of the opinion, as appellant asserts, that the trial court erred in holding that the lease contract was void for a lack of mutuality, but this does not necessarily result in a reversal of the case. If, notwithstanding the erroneous theory of law upon which the trial court's decision rested, its judgment can be sustained upon correct legal principles, it will not be reversed merely because the reasoning, or a conclusion of law of the trial court, is erroneous. Holland Banking Co. v. Republic Nat'l Bank, 328 Mo. 577, 41 S.W.2d 815; Robinson v. Aetna Life Ins. Co., Tex.Com. App., 277 S.W. 629; Reyes v. De La Fuente, Tex.Civ.App., 15 S.W.2d 702; Drovers' Nat'l Bank v. Browne, 88 Cal. App. 716, 264 P. 265; McCluer v. Heim-Overly Realty Co., 8 Cir., 71 F.2d 100.

The effect of this error cannot change the result, because there are neither facts nor evidence in the record to support a judgment for appellant under any theory of law, assuming the validity of the lease, which is entirely consistent with the judgment.

But there is another reason why the case should not be reversed. Appellant was burdened with showing by findings of fact (or the right thereto) that the lease contract had been breached and that such breach entitled her to the possession of the property in question. It is the rule of this court that if the trial court fails to make an essential finding of fact upon a particular point, and such failure is not assigned as error, a finding will be resolved against the one who had the burden of proof on the question. Byerts v. Schmidt, 25 N.M. 219, 180 P. 284; Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740. This burden appellant failed to meet, and this court will conclude that the evidence did not warrant such finding, which indeed it did not.

Notwithstanding the rule which is binding on the parties, this court may, in the interest of justice, remand a case for findings on a material issue of fact overlooked by the parties and the trial court; but such discretion should be exercised only in exceptional cases, and certainly not at all if, as in this case, it could not change the result.

Appellant asserts that the cost of the bill of exceptions should be taxed against appellee; that it was not called for by her praecipe, and was not necessary to a decision; that she "took the findings as made, and says that on such findings the judgment is patently erroneous."

The following sections of Supreme Court Rule 22 are involved:

"In all proceedings in the Supreme Court, the party prevailing shall recover his costs to be taxed according to the rules of the court unless in the discretion of this court it should be otherwise determined.

\*       \*       \*       \*       \*

"At the settlement of the bill of exceptions, objection may be made by either party to inclusion in the transcript of matter deemed unnecessary to review. Such

objection may be renewed in the Supreme Court and, if found well taken, shall be considered in taxing costs."

■ We have considered appellant's objection. However, we are of the opinion that appellee should recover costs as the prevailing party. We considered the bill of exceptions in determining the issues in this court.

The judgment of the district court should be affirmed with costs, and it is so ordered.

MABRY and THREET, JJ., concur.

BICKLEY, Justice (concurring in part and dissenting as to part).

I concur in the decision that the trial court committed error against the appellant in making its finding and conclusion that there was no mutuality of obligation between the parties under the contract, and that the contract was therefore unilateral and unenforceable. Since this is the only decision the trial court made as a basis for its judgment, the judgment should be reversed and the cause remanded for a new trial.

From the opinion of the majority it appears that the trial court construed the pertinent paragraph of the lease, "to authorize the appellant-lessor to terminate the lease at her will without reference to whether she was dissatisfied with, or had exercised her judgment, honest or otherwise, regarding the manner of the cultivation of the crops."

It thus appears that the trial court's judicial mind did not reach or decide the question of whether there had been a "good faith" termination of the lease.

As the majority say, the issue tendered by the appellant (plaintiff below) was that the lease contract had been breached and that the appellant terminated it in good faith because of the breach.

This issue was never decided by the trial court.

It is apparent that the trial court's refusal of appellant's requested finding of a good faith election by appellant to terminate the lease was due to the opinion of the court that such a finding was immaterial in view of the decision that the lease was void for lack of mutuality of covenants.

It has been many times decided that questions not reached or decided by the trial court are not reviewable on appeal. See Chavez v. McKnight, 1 N.M. 147; State v. Baker, 35 N.M. 55, 289 P. 801; Palma et al. v. Weinman et al., 13 N.M. 226, 82 P. 360.

It is apparent that the appellee was satisfied with the judgment of the court based upon a theory which the majority say was erroneous.

If upon appeal the appellee had desired to present the proposition that the court had committed errors against him in failing to consider the issue of whether the lease had been terminated in good faith and make a finding that it had not been so

terminated, preparatory to asking the Supreme Court to "consider and determine whether, notwithstanding error committed against appellant * * *," the judgment should be affirmed because of such error against appellee, the way was open to appellee under Supreme Court Rules Nos. 12 and 17 (Par. 2).

Appellee, neither in the praecipe in lower court calling for additional portions of the record, nor here, has assigned error committed against him.

If such an assignment of error had been made, the appellee would be in a poor position because he never requested the court to determine the issue of good faith termination of the lease, by specific request for findings or otherwise.

The appellee has not put himself in the position of a cross-appellant. Even if he had, he would be confronted with the general rule that errors operating against appellee will not be considered unless duly assigned. 3 C.J., Appeal and Error, § 1568; 4 C.J.S., Appeal and Error, § 1300.

I have no fault to find with the statement of the majority that: "If, notwithstanding the erroneous theory of law upon which the trial court's decision rested, its judgment can be sustained upon correct legal principles, it will not be reversed merely because the reasoning, or a conclusion of law of the trial court, is erroneous."

The trouble is that these principles have no application to the situation in the case at bar. The principles embodied in the quotation do not authorize a reviewing court to usurp the power, function and duty of the trial court to make decisions on factual issues tendered and to make findings of fact and conclusions of law pertaining to such decisions.

The trial court having made no decision or findings of fact or conclusions of law upon the issue of good faith termination of the lease, the majority proceed to examine the record of the evidence and assume a finding of lack of good faith and say, in effect, that such an assumed finding is supported by substantial evidence.

In my opinion, such a procedure carries the majority, of their own motion, far afield from recognized and proper principles of review.

I therefore dissent from the decision affirming the judgment and the reasoning upon which such decision is based.

SADLER, C. J., concurs.