*Northern District*

No. 4755

**DOROTHY C. SMITH**

v.

**GIL WYNER CO., INC.**

(August 24, 1954)

*Cavan, J.* This is an action of tort wherein the plaintiff seeks to recover for property damage allegedly caused by the negligence of the defendant.

The following is a summary of the evidence: The plaintiff owns the premises at 639 Lynn Fells Parkway, Melrose, Massachusetts, where she has resided since 1940. In March 1950, the defendant became engaged in excavating and laying pipes for the Metropolitan District Commission, in the vicinity of the plaintiff's property. On April 19, 1950, the work progressed to a point just in front of the plaintiff's property. Here, while excavating, the defendant encountered two rocks, one described as "about five feet two and about as wide accordingly", and the second one, described as "a trifle smaller but not very much so". To remove these rocks, the defendant used a steel shovel or back-hoe.

Each rock was larger than the bucket of the back-hoe and, in the course of five or six hours, several attempts, "probably nine or ten", were made to remove them from the excavation, before they were finally taken out. In each of such attempts, the rock

would be partially lifted, and would then drop back.

The plaintiff's house shook when the back-hoe was used in an attempt to remove the rock, and shook tremendously when the rock slipped back.

The next day, the brick front steps of the plaintiff's house had dropped about three inches from the sill and, during the following month, other damage to the house, breezeway and garage, including foundation walls, room walls, flooring and doors, was noted.

There was evidence that all of this damage was occasioned by the activity in front of plaintiff's premises, April 19, 1950, brought about by the attempts to remove said stones or rocks.

There was evidence that the back-hoe is a modern and up-to-date piece of machinery, and that its use is an accepted method of opening a ditch, as well as for the removal of large rocks.

The defendant duly filed the following requests for rulings:

"1. There is, as a matter of law, no evidence in this case to warrant a finding for the plaintiff for the reasons to which attention is called in the requests which follow.

2. The defendant was engaged in doing a public work and entitled to proceed therewith according to directions received from the public officers in charge thereof.

3. If in carrying out of a public work in accordance with directions received from public officers, the defendant was confronted with the necessity of removing portions of the earth or boulders, it was entitled to use in the doing of this work such up-to-date mechanical names (means) as are generally accepted as feasible means of doing such work.

4. If the defendant used no greater degree of force than was reasonably necessary in removing whatever lay in the way which had been determined as the location of the water pipe, and the plaintiff's property was damaged as a result of the violation (violence) due

to the use of such force, there can be no recovery. *Belcus v. Brockton,* 282 Mass., 285.

5. There being no evidence that the defendant in any way caused the boulders to be located where they were found to be, it must be assumed that they were natural obstructions to the public work.

6. It appearing from the evidence that no other negligence is claimed against the defendant except the manner in which the defendant's machinery was operated in removing natural obstructions to the public work, the burden of proof is upon the plaintiff to prove that it was feasible to do the work by some different instrumentality, or in a manner which would not have injured the plaintiff's property."

The trial judge found that the defendant was negligent and that the negligence of the defendant was the proximate cause of the damage to the plaintiff's property. He passed upon the defendant's requests for rulings, as follows:

"Defendant's request for Ruling No. 1 is disallowed on facts found. See also Rulings on subsequent Requests.

Defendant's Request for Ruling No. 2 is allowed as a matter of law, but is not applicable to facts found. Defendant's work, even though in accordance with directions, did not relieve it of liability for negligence.

Defendant's Request for Ruling No. 3 is allowed as a matter of law, but is not applicable to facts. Defendant is liable for its negligent acts.

Defendant's Request for Ruling No. 4 is allowed as a matter of law, but is not applicable to the facts found. It is immaterial that the defendant used no more force than was reasonably necessary if he was otherwise negligent in the removal of the boulder. On all the evidence a finding is warranted that there was negligence in the manner in which the defendant removed said boulder.

Defendant's Request for Ruling No. 5 is allowed

as a matter of law, but is not applicable to facts found and other Rulings herein contained.

Defendant's Request for Ruling No. 6 is disallowed on facts found and in view of other Rulings contained herein."

The defendant claims to be aggrieved by the action of the judge with respect to its requests for rulings numbered 1, 3, 4, 5, and 6.

In its Brief (last paragraph, page two, first paragraph, page 3) the defendant states, " The Court saw fit to evade these requests, by adopting the shopworn expedient of saying that they are inapplicable because he finds negligence and, therefore, there is no need to instruct himself upon the law."

"If he had basis for the finding of negligence he was justified in so proceeding." *Perry v. Hanover,* 314 Mass.167.

We are of the opinion that the judge's finding of negligence was a rational inference of probability from established facts. *Bigwood v. Boston & Northern Street Ry.,* 209 Mass. 345, 348. The evidence warranted findings that the back-hoe is a modern and up-to-date piece of machinery, and that its use is an accepted method of removal of large rocks; that, after trials, lasting between five and six hours, it was used successfully in the removal of the rocks; that nine or ten trials were unsuccessful, in that the rock was only partially lifted, and then slipped back again; that, when the rocks slipped back, the plaintiff's house shook tremendously, and that the plaintiff's property damage was thereby caused.

On these facts, the judge's finding, as expressed in his denial of the defendant's 4th request for ruling, namely: "On all the evidence a finding is warranted that there was negligence in the manner in which the defendant removed said boulder", cannot rightfully be said to be the result of surmise, conjecture or imagination, *Rocha v. Alber,* 302 Mass. 155, 157, for the nine or ten unsuccessful attempts to lift the rocks, unexplained, leads to a rational infer-

ence that they were unsuccessful because of the negligent use of the back-hoe, and, therefore, a greater likelihood that the defendant's negligence caused the plaintiff's property damage, *Rocray v. Duby,* 328 Mass. 110, 112.

In the Report, at page 14, it is stated, "The Court took a view on November 16, 1953". In an amendment of the Report, by agreement of counsel it is stated, "At the time of the view, no additional evidence was received in addition to the evidence presented at the trial."

In section 4, of the argument of defendant's Brief, page 6, the defendant states, "The action of the court with reference to a view is either a nullity or so highly irregular as to require a new trial."

The view was within the judicial discretion of the trial judge. If evidence was to be taken at such view, the parties should have been notified. *Sargeant v. Traverse Building Trust,* 267 Mass. 490, 495. According to the amended Report, no evidence was taken, and the defendant was not harmed thereby.

There was no error in the denial of the defendant's requests, and the Report is to be dismissed.

Thomas E. Cargill, Jr., for the plaintiff.
David H. Fulton, for the defendant.