CAPE COD HOSPITAL, INC. vs. CAPE COD MEDICAL CENTER, INC. March 7, 1979. The plaintiff seeks a determination of the height at which it may construct an enclosed bridge (required by the State Department of Public Health as part of the plaintiff's construction program) between two hospital buildings. The bridge would cross over the junction of two private ways in which the defendant has rights of way. The plaintiff owns the fee to that portion of the ways here in issue. We affirm the judgment of the Land Court. Applying the long settled rule that a private way may be built over by the owner of the servient estate so long as the bridge does not interfere with or obstruct the reasonable use of the way by the easement holder (see *Healey* v. *Smith Carriage Co.*, 265 Mass. 203, 208-209 [1928]; *Sargeant* v. *Traverse Bldg. Trust*, 267 Mass. 490, 494-495 [1929]), the judge construed the language of the instruments creating the grant of the rights of way ("for all purposes for which ways are used in the Towns of Yarmouth and Barnstable") to determine the scope of the easement in question. The judge ruled that construction at ground level or at an elevated level supported by a center column located on the ways would be an encroachment interfering with the defendant's use, and concluded that the plaintiff could build the bridge over the ways in a manner which would provide a ten-foot vertical clearance for vehicles. The judge's findings that a ten-foot clearance would be sufficient in the circumstances for the type and amount of vehicular traffic to and from the defendant's buildings and that such clearance would not interfere unreasonably with the defendant's use of the way were supported by the evidence presented at trial and were not "clearly erroneous." See Mass. R. Civ. P. 52(a), 365 Mass. 816 (1974); *Sanguinetti* v. *Nantucket Constr. Co.*, 5 Mass. App. Ct. 227, 228 (1977). The judge was correct in ruling that the State Department of Public Works' regulations were not controlling on the issue of the minimum allowable clearance over the ways in question since, as the judge stated in her written decision, "the Court must consider the extent of the parties' rights in light of all the factors which bear on the intention of the grantor," including the terms of the grant creating the rights of way and the then existing circumstances. See *J.S. Lang Engr. Co.* v. *Wilkins Potter Press*, 246 Mass. 529, 532 (1923); *Sargeant* v. *Traverse Bldg. Trust, supra* at 494.

*Judgment affirmed.*

The case was submitted on briefs.
*Warren G. Miller & Charles E. McDermott* for the defendant.
*Edward T. Robinson* for the plaintiff.